GEORGE HELIN, APPELLEE, v. OSCAR J. EGGER, APPELLANT.

FILED OCTOBER 16, 1931. No. 27842.

*George Healey*, for appellant.

*L. R. Doyle, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

PER CURIAM.

This is an action in negligence to collect for damages to a comparatively new Ford delivery truck belonging to the appellee, which was injured in a collision with a Graham 1927 ton truck filled with a load of about 40 filled milk cans. The collision occurred about 11:00 a. m., November 9, 1929, in Lincoln, on a rainy day when the pavement was slippery, at the intersection of Sixteenth and Sumner streets, neither of which was an arterial highway.

At the trial the jury returned a verdict in favor of the appellee for the sum of $448. Objections are presented to instruction No. 6, given by the trial court upon the measure of damages, which reads as follows:

"If you find from the evidence in favor of the plaintiff, you will arrive at the amount of his recovery by subtracting the fair market value of his truck immediately after the accident from the fair market value of the same immediately before the accident, together with damage for the loss of use of his truck. And if you find for the defendant on his cross-petition for damage to his truck, you should arrive at the amount of his damage in the same way, that is to say, by subtracting the value of said truck immediately after the accident from the value thereof immediately before. And if the party to whom you grant a recovery, if to either, was guilty of any negligence proximately contributing to the accident, you will decrease his recovery proportionately thereto, as heretofore instructed."

Many cases are cited to this court to show error in this instruction for allowing the jury to return $48 damages for the use of the truck, being the amount of rental paid for the use of another truck for two weeks while this truck was being repaired sufficiently to be used again, but it could not be restored to substantially its original condition, and among the cases cited is the case of *Langham v. Chicago, R. I. & P. R. Co.*, 201 Ia. 897, in which the Iowa court sets out the general rules of law which govern such matters, as follows:

"When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.

"Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

"When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident."

In the case at bar the damages may be set out as follows: All four wheels were broken, the transmission case was smashed, the body was smashed and broken, the door glass was broken out, and the paint scratched off.

This court holds that in this case under the evidence the car was demolished to that extent that it could not be placed in as good condition as it was before the injury, although by expending the sum of $260 it was put in condition to render some service. The petition alleged, and the evidence sustained the allegation, that the fair and reasonable value of the automobile was $650 before the collision, and that the value of said car after the collision was $250, and the jury found that the difference in value was $400, as alleged in the petition.

As this brings the measure of damages in this case to be governed by the third rule above set out, it does not permit an addition to that amount of $48 for the rent or use of another car. It is therefore directed that if the appellee will file a remittitur of $48 within 30 days the judgment of the lower court will be affirmed, but that in case the remittitur is not so filed the case will be reversed in accordance with this opinion.

AFFIRMED ON CONDITION.