WILLIAM M. WYLIE, APPELLEE, v. FRANK CZAPLA ET AL., APPELLANTS.

97 N. W. 2d 255

Filed June 12, 1959. No. 34574.

*John E. Dougherty,* for appellants.

*Philip T. Morgan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, William M. Wylie, brought this action against defendants, Frank W. Czapla and his father, Walter Czapla, seeking to recover damages to plaintiff's 1952 Ford Victoria car, alleged to have been proximately caused by the negligence of defendant Frank W. Czapla, who, as the alleged servant of Walter Czapla, was driving a 1949 International pickup truck owned and maintained by defendant Walter Czapla. Hereinafter William M. Wylie will be called plaintiff; Frank W. Czapla will be called defendant; Walter Czapla will be called the father; and when speaking of both father and son, they will be called defendants.

Plaintiff's petition alleged in substance that on January 17, 1953, at about 10:15 a. m., he was driving his car in a southeasterly direction on state highway No. 39 about 1 mile northwest of its junction with state highway No. 22 in Nance County; that plaintiff's car was trailing behind the pickup truck driven by defendant; and that when plaintiff's car reached the point aforesaid, and after plaintiff had given a signal to overtake and pass defendant's truck, and while plaintiff's car was in the act of passing him, said defendant negligently and without notice, knowledge, or warning abruptly turned the truck to the left into the path of and against plaintiff's car, proximately causing the same to be damaged in the sum of $1,600, for which amount plaintiff prayed judgment against defendants and each of them. Plaintiff alleged that defendant driver, while so operating the truck as a servant of his father, was negligent substantially as follows: That he failed to give any signal of his intention to turn; failed to keep a proper lookout and yield the right-of-way to a passing vehicle; failed to exercise ordinary and reasonable care in making a left-

hand turn; and failed to give plaintiff one-half of the right-of-way and keep his truck on the right half of the road after a signal for passing was given by plaintiff, which negligence proximately caused plaintiff's car to be damaged. In that connection, plaintiff alleged that his car was damaged on the right front, front, frame, and chassis. However, there is no competent evidence to sustain a conclusion that plaintiff's car was so damaged.

Defendants' answer admitted the location of the highways; the ownership of plaintiff's car; and denied all other allegations of plaintiff's petition. Defendants then alleged that plaintiff's damages, if any, were proximately caused and contributed to by the negligence of plaintiff, which was more than slight and was the sole proximate cause of the accident. Plaintiff's alleged negligence was substantially as follows: That plaintiff failed to keep and maintain his car on the right half of the highway and operated same at an excessive and negligent rate of speed without due regard for the use, traffic, and condition upon said highway; that plaintiff failed to sound a horn or other signal of his intention to overtake and pass defendants' truck, but suddenly and abruptly attempted to overtake and pass said truck when plaintiff knew or should have known that defendant was making a left-hand turn on said highway; and that plaintiff failed to keep his car under reasonable control so as to be able to turn aside and avoid an accident. Plaintiff's reply was in the nature of a general denial.

Upon trial to a jury, and when plaintiff had rested, the father moved to dismiss plaintiff's petition for want of any evidence connecting him with plaintiff's alleged cause of action. Thereupon, without objection, plaintiff was given leave to withdraw his rest and adduce further evidence. Plaintiff then called the father as a witness, who admitted that he owned the truck involved, which was used in operating his farming business; that on the morning of the accident, he told his son, the defendant,

to drive the truck and take his son-in-law, or some cream at the son-in-law's place, to town; and that the accident occurred while his son was driving the truck, as he had been directed to do.

Plaintiff then rested again, and the father renewed his motion to dismiss as to him, which was overruled. Defendants then moved to strike from the record all evidence of damages to plaintiff's car for the reason that same was not proper and sufficient to prove any element of damages alleged in plaintiff's petition, and that motion was overruled. Defendant then moved for a directed verdict for the reason that the evidence was insufficient in fact and law to sustain a judgment against defendant; and that the evidence showed that plaintiff was guilty of negligence more than slight as a matter of law which barred his recovery. That motion was also overruled.

At conclusion of all the evidence, plaintiff moved for a directed verdict in his favor, for the alleged reason that defendant had admitted negligence as a matter of law in that he had failed to look and give a signal before making a left-hand turn across a public highway, and failed to give the statutory signal before making such left-hand turn, and that defendant's negligence was the proximate cause of the accident. That motion was overruled and same is not an issue here. The father then renewed his motion for directed verdict, which alleged insufficiency of the evidence to generate a jury question against him on the theory of master and servant or principal and agent, and that motion was overruled. Defendants and each of them then renewed their motion to direct a verdict or dismiss plaintiff's action and render judgment for defendants, which motion was overruled.

Thereafter the issues were submitted to the jury and a verdict was returned in favor of plaintiff and against defendants, and fixed the amount of plaintiff's damages at $1,000. Judgment was rendered accordingly, and defendants' motion for judgment notwithstanding the

verdict or in the alternative for new trial was overruled. Therefrom defendants appealed, assigning some 17 unnumbered alleged errors requiring reversal, some of which are interwoven or interrelated, and we will so dispose of them.

As far as important here, defendants assigned and argued in substance that the trial court erred as follows: (1) In refusing to sustain defendants' motions for directed verdict made at conclusion of plaintiff's case and renewed at the conclusion of all the evidence, and in failing to sustain defendants' motion for judgment notwithstanding the verdict or in the alternative for new trial because the evidence disclosed that plaintiff was guilty of more than slight negligence as a matter of law; (2) in failing to direct a verdict for the father at the close of plaintiff's evidence and at conclusion of all the evidence because there was not sufficient evidence to go to the jury on the issue of master and servant or principal and agent, and that in any event the trial court erred in failing to submit that issue to the jury in instruction No. 4 as a material allegation which plaintiff was required to establish by a preponderance of the evidence; (3) in giving instruction No. 7, which included applicable rules of the road, the trial court erroneously stated the kind of signal required to be given by a driver before turning left across a highway, and erroneously failed to include that part of section 39-7,108, R. R. S. 1943, relating to the duty of a driver to decrease speed "when approaching and going around curves" and that part of section 39-7,110, R. R. S. 1943, relating to the duty of a driver to not drive on the left side of the highway "upon a curve in the highway where the driver's view along the highway is obstructed"; and (4) in giving instruction No. 9, which erroneously submitted plaintiff's measure of damages as the difference between the value of plaintiff's car immediately before the accident and its value immediately thereafter, because the evidence was insufficient to support a recovery upon such

theory. We sustain the last assignment, which we deem to be the primary and controlling question.

Instructions Nos. 1, 2, and 3 given by the trial court summarized the pleadings substantially as heretofore set forth. The trial court thereafter appropriately submitted the issues of negligence and contributory negligence which were pleaded and supported by the evidence. It would serve no useful purpose here to unduly prolong this opinion by repeating the evidence adduced by the parties with relation to such issues. It is sufficient to say that the evidence thereon was conflicting and that the issues of negligence and contributory negligence were questions for the jury. Under the circumstances in this case, and contrary to defendants' contention, the fact that the jury awarded plaintiff $1,000 instead of $1,600 as prayed is not conclusive that the jury deducted $600 for the alleged contributory negligence of plaintiff. Bearing in mind that every controverted fact with relation to such issues must be resolved in plaintiff's favor, and after giving him the benefit of every inference that can reasonably be deduced from the evidence, we conclude that defendants' first assignment has no merit.

With regard to the second assignment, we held in Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130, that: "A judgment will not be reversed for error in overruling a motion for a directed verdict at the close of plaintiff's case when certain essential testimony was not then in the record, when, at the time of renewing the motion at the close of all the evidence, such testimony is in the record and its admission is not assigned as error here."

In the light thereof, this record discloses without dispute the following, as shown by the testimony of defendant, the father, and the son-in-law: In addition to the evidence of the father as a witness for plaintiff, which we have heretofore set forth, it was admitted that the father and the son-in-law, who lived about

three-quarters of a mile away, had more or less of a business arrangement between themselves whereby they exchanged work and used each other's machinery; that the son-in-law had driven the father's truck before; that they had regularly delivered cream from the son-in-law's place over to the father's farm to be picked up there in the father's truck and taken to town; and that on the morning of the accident the son-in-law's truck would not start in order to bring the cream over to the father's farm, so the son-in-law walked over to the father's place and the father told defendant to take the father's truck and drive over to the son-in-law's place with him and help the son-in-law start his pickup truck, or take the son-in-law and the cream to town. They could not start the son-in-law's truck, so they loaded the cream and some milk to feed the father's hogs into the father's truck, and were on the road back to the father's farm to deliver same, as was regularly done, when the accident occurred. Under such circumstances, we conclude, as the trial court evidently did, that the issue of master and servant or principal and agent was established as a matter of law for the court and was not an issue for submission to and determination by the jury. It is elementary that if the evidence upon an issue is undisputed, or such that minds of men could reasonably arrive at but one conclusion, the question is one for decision by the court as a matter of law. Otherwise, it is a question for the jury to decide as other issuable facts in the case. Defendants' second assignment has no merit.

We turn then to the question of whether or not instruction No. 7, given by the trial court, was prejudicially erroneous in two particulars as contended by defendants. We conclude that it was not. Such instruction said in part: "No person shall turn a vehicle from a direct course upon a highway unless such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner here-

inafter provided in the event any other vehicle may be affected by such movement. A signal of intention to turn right or left shall be given continuously during not less than the last 50 feet traveled by the vehicle before turning. The signals required shall be given either by means of the hand and arm *or by a signal lamp or signal device."* (Italics supplied.) Defendants first claim that the italicized portion was erroneous because defendants' truck was a 1949 International pickup and the law requiring such truck to be equipped with such lamps or signal devices was not effective until after the accident. In that connection, at time of the accident, section 39-7,116, R. R. S. 1943, was applicable. It provided in part that the signals required "shall be given *either* by means of the hand and arm or by a signal lamp or signal device" just as the court gave it. (Italics supplied.) Contrary to defendants' contention, the instruction did not say either directly or by inference that the law required defendants' truck to be equipped with such lamps or signal devices. As a matter of fact, the court simply told the jury that the required signal of intention to turn left could be given in either manner. The jury could not have been misled thereby and the language used could not have been prejudicial to defendants.

Defendants next contended that the trial court erred prejudicially in failing to include those parts of sections 39-7,108 and 39-7,110, R. R. S. 1943, heretofore quoted. In that connection, as shown by photographs and oral testimony, the curve here involved was a long, gradual, almost imperceptible curve upon which the driver's view along the highway was open and not obstructed in any manner for long distances. The curve admittedly started about one-quarter mile back of the Czapla driveway where defendant turned the truck left across the highway, and ran for about one-quarter mile beyond such driveway. There were no other cars on the highway at the point of accident; the blacktop highway

was dry and smooth; the day was clear; no driver's view was obstructed or affected by any curve; and said curve had nothing to do with the accident or the cause thereof. Defendants' contention has no merit.

Defendants contended that instruction No. 9, which in conformity with plaintiff's theory of recovery submitted the measure of plaintiff's damages as the difference between the value of plaintiff's car immediately before the accident and its value immediately thereafter, was erroneous because the evidence was insufficient to support a recovery upon that theory. We sustain that contention.

In Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751, citing Helin v. Egger, 121 Neb. 727, 238 N. W. 364, and Lund v. Holbrook, *supra,* we reaffirmed that: "In an action for damages to an automobile, where the automobile cannot be placed in substantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident." See, also, Elliott v. Swift & Co., 151 Neb. 787, 39 N. W. 2d 617; Folken v. Union Pacific R. R. Co., 122 Neb. 193, 239 N. W. 831.

In each of said cases, competent factual evidence was adduced disclosing the character, kind, and extent of the damages to plaintiff's vehicle, and its condition as a result of the accident, from which, together with other evidence, it could be reasonably concluded that the vehicle could not be repaired and placed in substantially as good condition as before the accident. Also, there was competent evidence of the difference between the vehicle's reasonable market value immediately before and immediately after the accident.

In other words, in order for the evidence upon the issue of damages to be sufficient to recover under the quoted rule aforesaid, there are three material elements which must be factually established by competent evidence, to wit: (1) That as a result of the accident

the vehicle was damaged, and the character, kind, and extent thereof from which it can be reasonably concluded that the vehicle was in such condition after the accident that it was not or could not be repaired and placed in substantially as good condition as it was immediately before the accident; (2) the reasonable market value of the vehicle immediately before the accident; and (3) its reasonable market value immediately after the accident. In that connection, it is elementary that plaintiff as owner may testify as to the value of the vehicle immediately before the accident. He may also, upon proper foundation laid, testify as to the character, kind, and extent of the damages to his vehicle caused by the accident, or produce other qualified witnesses who can do so, as distinguished from mere conclusions that the vehicle was not or could not be repaired and placed in substantially the same condition as it was immediately before the accident.

In Kendrick v. Furman, 80 Neb. 797, 115 N. W. 541, this court held that: "Where one claims his property has been damaged by certain acts of the defendant, it is not proper to ask the witness in what manner he has been damaged, but he should state the facts, and the jury will then in the exercise of its function find whether the litigant has been damaged."

The owner as such may also testify to the reasonable value of his car immediately after the accident, and the reasonable cost of the repairs made necessary thereby may be shown by competent evidence as bearing on the difference between the value of the car before and after the accident. See, 6 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 3430, p. 78; 25 C. J. S., Damages, § 157, p. 809.

In that connection, this court reaffirmed as early as Thrapp v. Meyers, 114 Neb. 689, 209 N. W. 238, 47 A. L. R. 585, that: "When, at reasonable cost, a damaged automobile can be repaired and restored to substantially its original condition, such cost is a proper measure of

damages in an action for negligence." In that opinion, citing Layton v. Sarpy County, 83 Neb. 628, 120 N. W. 179, and other authorities, this court stated and discussed both the rule which now appears in Dorn v. Sturges, *supra,* and the rule reaffirmed as above set forth, and concluded in effect that in an action to recover damages to a motor vehicle neither rule aforesaid relating to the measure of damages was exclusive of the other, but that the rule or rules to be applied and submitted depend upon the competent evidence adduced at the trial in support of the damages claimed. See, also, 6 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 3415, p. 49, citing Thrapp v. Meyers, *supra,* and many other authorities.

As stated in 6 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 3416, p. 57, citing authorities: "So testimony by a witness that a certain sum was paid out to put the machine in running order does not furnish a sufficient basis to estimate the damages on the basis of the cost of repairs, since there is no way of ascertaining how much of such amount was spent to repair damage caused by the alleged negligence of the defendant, nor whether such amount was a reasonable compensation for such repairs, or the relative value of the automobile when so repaired, as compared with its value prior to the injury." Also, as said in § 3430, p. 78: "Any evidence bearing upon the value and condition of an injured automobile before the accident and its condition afterwards is admissible on the question of damages under proper allegations in the pleadings, and subject to general rules concerning the competency and relevancy of evidence. * * * Plaintiff's testimony as to the original cost of his car, injured in a collision, the effort to have it repaired, his trouble with the car after the collision, and the sale price thereafter, is pertinent, in connection with other evidence, to the issues of market value of car before and after the collision and the damage caused thereby. * * * The testi-

mony as to the value of repairs by a witness, who did not testify to the necessity of the repairs covered by his estimate, nor to the accuracy of his estimated value, is mere hearsay, and receipted bills for repairs, if objection is made to them, are not of themselves competent evidence of the reasonable cost of the repairs, but, where there is testimony that the items contained in such bills are correct, and that the charges are just and reasonable, and a proper predicate laid, such bills may be admissible." Further, as said in § 3431, p. 83: "The fact of damage, and its amount, the cost of repairs, value before and after the injury, depreciation in value, * * * are matters to be established by evidence. If there is no evidence on which to base damages properly, only nominal damages can be recovered. * * * Mere general statements, or vague and indefinite testimony, will not justify a verdict for damages."

In Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643, this court concluded that: "A jury should be fully and fairly informed as to the various items of damages which it should take into consideration in arriving at its verdict. * * *." See, also, Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250, wherein we held: "Where there are elements of damage, such as expenditures, capable of pecuniary measurement, the law requires the amount shall be proved."

As recently as O'Hara v. Frederickson Building Corp., 166 Neb. 206, 88 N. W. 2d 643, this court reaffirmed that: "The general rule is that damages, to be recoverable, must be direct and certain. * * * Damages which are uncertain, contingent, conjectural, or speculative, cannot be made the basis of a recovery, whether applied to the existence, nature, or proximate cause thereof."

Also, as early as Kriss v. Union P. R. R. Co., 100 Neb. 801, 161 N. W. 414, Ann. Cas. 1918A 1122, this court concluded that: "In an action for damages, the burden is upon the plaintiff to prove by a preponderance of the evidence each element of damage sustained. * * *."

As stated in Oleck, Damages to Persons and Property, § 319, p. 739, citing authorities: "The party who claims pecuniary damages has the burden of proving both that they were the result of the wrong done by the other party, and their amount. * * * But ordinarily the claimant must prove his damages by presenting competent evidence which satisfies the applicable measure of damages, and from which the amount of the damages can be computed. * * * Where property damage is concerned (eg.: automobile damage) the claimant must prove the causation by the other party's wrong, and the amount of damage; but this amount also must be shown to be reasonable (eg.: the repair bill must be reasonable). * * * A claimant must prove the amount of expenses which he claims he had to incur as a result of the defendant's wrong, and he also must prove their causal connection, and their reasonableness."

As stated in 15 Am. Jur., Damages, § 356, p. 795, citing authorities: "As a rule * * * actual or compensatory damages are not to be presumed, but must be proved. To warrant their recovery, the actual detriment occasioned must be shown by competent evidence and with reasonable certainty, for the recovery is limited to such damages as are established by the evidence. * * * The evidence must afford data, facts, and circumstances reasonably certain from which the jury may find the actual loss; and the plaintiff must show by a preponderance of evidence the damages caused by the injury complained of. * * * There must be proof that the damage sought to be recovered has occurred, that it was caused by the wrong of the defendant, and was of the extent and amount thereof. It has been said that the amount of loss is as much a fact to be proved as the fact of loss."

Also, as said in 25 C. J. S., Damages, § 162, p. 813, citing many authorities: "Damages should be proved by statements of facts rather than by the mere conclusions of witnesses. Plaintiff's mere statement or assumption

that he has been damaged to a certain amount without stating any facts on which the estimate is made is too uncertain. * * * There can be no recovery for an element or item of damage which does not necessarily result from the act complained of, in the absence of proof of the loss or injury, and of the reasonableness, extent, or value of the element or item as the case may be; * * *. The value of property lost or the extent of its depreciation by injury must be ascertained by a money standard from evidence, and cannot be based on conjecture." Further, as stated at page 816: "Damages should be proved with all the certainty the case permits. Absolute certainty is not required and reasonable certainty is ordinarily sufficient; but an award cannot be based on conjecture.

"Damages cannot be allowed where not supported by the required degree of proof, nor can a substantial recovery be based on anything except evidence which justifies an inference that the damages awarded are just and reasonable. Damages must be proved with all the certainty the case permits and cannot be left to conjecture, guess, or speculation. As a general rule, the evidence should be such as to enable the court or jury to determine the injury and the amount of damages with reasonable certainty or accuracy; and it is sufficient if they are so established."

In the light of such authorities, we have examined the record, which discloses the following evidence: There is no doubt that plaintiff's car was damaged in the accident, but the character, kind, extent, and amount thereof was not shown by competent evidence, and the amount of damages claimed is purely speculative, conjectural, and uncertain. Over consistent objections that plaintiff's evidence relating to damages was incompetent, irrelevant, immaterial, without sufficient foundation, and not tending to prove any issue with regard to damages, plaintiff was permitted to testify in substance as follows: That plaintiff purchased the car involved

December 5, 1952; that its value was approximately $2,600 immediately before the accident; and that after the accident he had it repaired. Plaintiff then identified exhibit No. 1 as an estimate sheet received by him on the damage done to his car and the work done, and materials put on his car as repairs arising because of the accident, and that he paid "$866 and some odd cents" to have his car repaired. Said exhibit No. 1 was never offered or received in evidence, and there is no evidence showing what work was done or what materials were necessary or furnished to repair the car or the reasonable value thereof. Plaintiff then gave as his conclusion, without support of any other competent evidence, that after the car was repaired, it was not "in substantially as good a shape as it was before the accident." He was then asked how he ascertained "that it was not in substantially as good a shape" and he answered, "Well, taking anything, when it is repaired, it isn't as good as it was when it was new," which this court concluded was insufficient in Goodell v. Union Automobile Ins. Co., 111 Neb. 228, 196 N. W. 112. However, such answer was stricken upon motion of defendants, and no complaint thereof is made or could be made here. As owner, plaintiff was then permitted to give his opinion that immediately after the accident his car was worth approximately $1000. That is all of the evidence relating to damages.

There is no evidence factually showing or describing the kind and extent of the physical damage to his car except for a small photograph of his car taken after the accident from which no inference or conclusion could reasonably be drawn or estimated. Also, there is no evidence that the "$866 and some odd cents" which plaintiff paid to have his car repaired was the reasonable value of the repairs and materials required to do so as a result of the accident. In such situation, the evidence was insufficient to support more than nominal damages, and the trial court erred prejudicially in the giv-

ing of instruction No. 9 heretofore set forth.

As we view it, the trial court was not required to sustain defendants' motion for judgment notwithstanding the verdict, but was required to sustain defendants' alternative motion for new trial. It is well established that: "An appellate court, in reversing for insufficiency of the evidence to sustain the finding, verdict, or judgment, may remand for a new trial, except where the case is a proper one for final judgment." 5B C. J. S., Appeal and Error, § 1941, p. 486. See, also, § 25-1315.02, R. R. S. 1943.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is reversed and the cause is remanded for further proceedings in accord with this opinion.

REVERSED AND REMANDED.