CORNELL S. SOBER, APPELLEE, v. JACQUES S. SMITH, APPELLANT.

136 N. W. 2d 372

Filed July 16, 1965. No. 35939.

John E. Dougherty, for appellant.

Wagoner & Grimminger, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER,

SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

BOSLAUGH, J.

This is an action for damages arising out of an automobile accident brought by Cornell S. Sober, as plaintiff, against Jacques S. Smith. The jury returned a verdict for the plaintiff in the amount of $1,303.50. The defendant's motion for new trial was overruled and he has appealed.

The accident happened at about 3:30 p.m., on January 5, 1963, on U. S. Highway No. 30 approximately 3½ miles west of Wood River, Nebraska. The highway at this point is straight and level. The weather was clear and the road was dry.

The defendant was driving a 1962 Pontiac station wagon in a westerly direction. He had been to Grand Island, Nebraska, and was taking five wooden storm sash to the lumberyard at Shelton, Nebraska. Three of the storm sash were being carried in the station wagon. The other two had been placed on a baggage carrier or baggage rack on the top of the station wagon. The storm sash projected about 10 inches over the back of the carrier. The sash were fastened to the rack with twine which was slightly smaller than a lead pencil.

The plaintiff was driving a 1962 Buick automobile in a westerly direction and was following the defendant's station wagon. The plaintiff first observed the defendant's station wagon between Alda and Wood River. The station wagon was then about one-quarter of a mile ahead of the plaintiff. When the plaintiff was approximately 3½ miles west of Wood River he noticed that there were storm sash on top of the station wagon and that they were moving around. The plaintiff then drove up to within 100 or 150 feet of the station wagon and blinked his headlights to attract the attention of the defendant. At about this time the fastenings became loose and the storm sash came off the station

wagon. The plaintiff turned to the left to avoid one of the windows, and the left front of his automobile collided with the left rear of another automobile operated by Carl Anderson which was proceeding in an easterly direction. This action was brought to recover the damages to the plaintiff's automobile which resulted from its collision with the Anderson automobile.

The plaintiff did not allege specific acts of negligence but relied upon the doctrine of res ipsa loquitur. Where the thing which causes injury is shown to be under the control and management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from want of proper care. Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224.

The things which caused the injury in this case were the storm sash. They were under the exclusive management and control of the defendant. If the defendant had exercised proper care, the storm sash would have been fastened to the baggage carrier in such a manner that they would not have come loose while the defendant was driving upon the highway. The facts in this case permit an inference of negligence on the part of the defendant. The trial court was correct in holding that the doctrine of res ipsa loquitur was applicable in this case.

The defendant's answer alleged that the plaintiff was negligent in failing to maintain a proper lookout; in failing to maintain proper control over his automobile; in failing to keep a reasonable distance behind the defendant's station wagon when the plaintiff knew the condition of the road and the cargo on the station wagon; and in failing to give the Anderson automobile the right-of-way.

The plaintiff testified that he was about a quarter of a mile behind the defendant when he first saw the

windows on top of the station wagon; that he could tell they were glass and were moving around on top of the car; that he drove up to within 100 or 150 feet of the defendant's car and blinked his lights; that the windows came loose from the station wagon and came "sailing" down the highway; that he swerved to the left to miss one window; that he then saw the Anderson car approaching from the west; and that he swerved back to the right but his automobile collided with the Anderson car.

Although the trial court instructed the jury concerning the doctrine of sudden emergency, no instruction was given concerning the comparative negligence statute. § 25-1151, R. R. S. 1943. It is the duty of the trial court to instruct the jury on the issues presented by the pleadings and evidence, whether requested to do so or not, and a failure to do so constitutes prejudicial error. Carlson v. Chambers, 173 Neb. 166, 112 N. W. 2d 729.

We think it was a question for the jury in this case whether the plaintiff was guilty of contributory negligence. The jury should have been instructed concerning the comparative negligence statute and its applicability in this case. The failure to instruct in this regard requires that the judgment be reversed and the cause remanded for a new trial.

The plaintiff alleged that the fair and reasonable value of necessary repairs to his automobile amounted to $400, and that in addition thereto the market value of his automobile was depreciated in the amount of $700 as a result of the accident. The prayer was for judgment in the amount of $1,100.

There was evidence, by way of stipulation, that the fair and reasonable value of repairs necessary to restore the plaintiff's automobile to "substantially its original condition" was $403.45.

The plaintiff, who is a used car dealer and has had experience as a mechanic, testified that the reasonable market value of his automobile before the accident was between $3,000 and $3,100. The plaintiff was not al-

lowed to testify as to the reasonable market value of the automobile after the accident and before it had been repaired. The plaintiff did testify, over objection, that the reasonable market value of his automobile, after it had been repaired and restored to "substantially the condition it was prior to the accident" was $2,250. There was other testimony that the value of the automobile before the accident was $3,050 to $3,250 and $3,295.

The trial court instructed the jury that the measure of damages for a vehicle which has been damaged and is repairable but cannot be restored to its original condition is such an amount as would reimburse the owner for the fair and reasonable cost of repairing the vehicle plus the difference between the fair and reasonable market value of the vehicle after the repair and its fair and reasonable market value before it was damaged. The defendant contends that this instruction was erroneous and that the plaintiff's recovery should have been limited to the reasonable value of necessary repairs.

The measure of recovery in all civil actions in this state is compensation for the injury sustained. Abel v. Conover, 170 Neb. 926, 104 N. W. 2d 684. The basic principle of the law of damages is that such compensation in money shall be allowed for the loss sustained as will restore the loser to the same value of property status as he occupied just preceding the loss. Davenport v. Intermountain Ry. L. & P. Co., 108 Neb. 387, 187 N. W. 905.

The general rule which has been established by the decisions of this court is that where a damaged automobile can be repaired at reasonable cost and restored to substantially its original condition, such cost is the proper measure of damages. Where the automobile cannot be placed in substantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident. Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255.

Under the evidence in this case it was a question of fact as to whether the plaintiff's automobile could be restored to substantially its original condition by repair. Although there was evidence which tended to prove that the repairs which had been made had restored it to substantially its former condition, there was other evidence to the effect that it had not and could not be restored to its former condition. Under such circumstances it was a question for the jury as to which measure of damages was applicable and the jury should have been instructed accordingly.

The instruction which was given by the trial court was based upon a rule which has been followed in a number of other states. See, 6 Blashfield (Perm. Ed.), Cyclopedia of Automobile Law and Practice, § 3415, p. 52; 25 C. J. S., Damages, § 83b, p. 597; 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 1044, p. 605. The rule recognizes that in many cases an award of damages based upon the cost of repairs alone is inadequate.

We think that the better rule is the one which has been stated in our previous decisions and which limits the plaintiff's recovery in a case such as this to the difference between the value of the automobile immediately before and immediately after the injury. Such a rule permits the plaintiff to be restored to the same value of property status as he occupied just preceding the loss.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.