CARL R. ANDERSON & COMPANY, A CORPORATION, APPELLEE, v. HERMAN SUHR, APPELLANT.

149 N. W. 2d 101

Filed March 10, 1967. No. 36412.

Norval Brothers, for appellant.

Ivan A. Blevens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

LYNCH, District Judge.

This is a law action arising out of the collision of a leased tractor-trailer and a school bus. The plaintiff-appellee is a California corporation, lessee of the tractor-trailer; and the defendant-appellant was the driver of the school bus. Jury was waived and the case tried to the court. Judgment was entered for the plaintiff in the sum of $1,500. Contributory negligence was alleged. The defendant did not pursue his cross-petition on appeal.

The defendant's complaints are in substance: (1) That the evidence as to liability was not sufficient to make a prima facie case for the plaintiff; and (2) that

plaintiff's proof of damages was not legally adequate as to amounts and causation.

"The findings of a court in an action at law have the effect of a verdict of a jury and will not be disturbed unless clearly wrong." Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315. "It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence." Satterfield v. Watland, 180 Neb. 386, 143 N. W. 2d 124.

Plaintiff's entire case consisted of the depositions of William Constantino, driver of the plaintiff's leased vehicle, and Kenneth B. Anderson, president of the plaintiff corporation at the time the depositions were taken. It was stipulated that objections made at the time of trial, along with the court's rulings thereon, would be entered in the bill of exceptions, together with the court's rulings on objections made at the time of the taking of the depositions.

Constantino testified that on November 21, 1963, while he was traveling east on U. S. Highway No. 34, the school bus came from a county road without stopping for a stop sign, made a left turn onto the highway, proceeded ahead of him for some distance, and then, as he was passing the bus after sounding his horn, the defendant attempted to turn left into a farmyard without giving an appropriate signal. He further stated that he had an overlap on the bus when defendant commenced his turn; that he hit the left side of the bus about in the middle; and that after the accident the defendant stated his directional lights were not working, he did not know the truck was behind him, and that he was at fault. Exhibits showing damage to the vehicles corroborate portions of this testimony.

We conclude that the record supports the trial court's findings as to liability.

The plaintiff concedes that the proof concerning certain elements of damage was somewhat less than legally adequate. These included claims for tolls, fines,

telephone calls, driver's extra pay, and loss of profits. However, plaintiff contends that the repair bills of Omaha Kenworth Sales & Service Company and Pike Trailer of Los Angeles and the rental bill of the Hertz Corporation were properly proved and that the total of these, $1,751.17, justifies the trial court's judgment.

Constantino testified that as a result of the accident the tractor's radiator was damaged, the wheels were out of balance, the front bumper was dragging against the wheels, and both windshields were broken. He also stated that a diesel tractor was rented from Hertz Rental in Omaha and that plaintiff incurred expenses of "Seven hundred and some odd dollars to the repair on the truck.". No mention is made by this witness of Omaha Kenworth Sales & Service Company, Pike Trailer of Los Angeles, or of damage to an axle or the fifth wheel.

Photographs, exhibits 6, 7, and 8, developed in November 1963, show damage to the left and right front of the tractor. The radiator and windshields appear undamaged.

Kenneth B. Anderson testified that he has a statement from Omaha Kenworth Sales & Service Company for $797.57, two bills from Pike in Los Angeles, one for $214.46 and one for $139.22, and charges for rental of a tractor from the Hertz Corporation in the sum of $599.92. Kenworth's bill was not itemized, and Pike's charges were merely said to be for alignment, lights, axle repair, and for replacement of the fifth wheel.

The only other evidence as to damages was adduced by the defendant and it added nothing to the plaintiff's case. The plaintiff offered no invoices, statements, or receipts.

"When, at reasonable cost, a damaged automobile can be repaired and restored to substantially its original condition, such cost is a proper measure of damages in an action for negligence. However, the necessity for and the reasonable cost of such repairs must be factu-

ally proved by competent and relevant evidence." Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255.

Also, in the case of Wylie v. Czapla, *supra,* our court cited the following rule relative to proof of damages. "Damages must be proved with all the certainty the case permits and cannot be left to conjecture, guess, or speculation. As a general rule, the evidence should be such as to enable the court or jury to determine the injury and the amount of damages with reasonable certainty or accuracy; and it is sufficient if they are so established." 25A C. J. S., Damages, § 162 (2), p. 79.

During the trial of the instant case, neither Omaha Kenworth Sales & Service Company nor Pike Trailer of Los Angeles was directly connected with the damages caused by the accident; the Kenworth repair bill was not detailed; Pike's charges included work not linked with the accident; the Hertz account was only generally referred to; and no effort was made to establish the necessity for or the reasonableness of any of the claims.

We must therefore conclude that the legal requirements as to proof of damages have not been satisfied and the judgment of the trial court relative thereto must be reversed. The cause is remanded for a new trial on the issue of damages only.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.