SKY HARBOR AIR SERVICE, INC., APPELLANT AND CROSS-APPELLEE, v. ALYCE LANG, DOING BUSINESS AS LANG AIRCRAFT ET AL., APPELLEES AND CROSS-APPELLANTS.

231 N. W. 2d 704

Filed July 31, 1975. No. 39892.

Wellensiek & Davis, for appellant.

John A. Rickerson of Rickerson & LaFrance, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff appeals from a judgment in its favor awarding it the cost of repairing two aircraft. Plaintiff contends the proper measure of damages is the difference in the fair market value of the aircraft immediately before the accident and their fair market value in their damaged condition immediately after the accident. Plaintiff further contends it should have been compensated for loss of use during the time one of the aircraft was being repaired. Appellees cross-appeal, contending that the plaintiff was not the owner of the aircraft at the time of the accident.

It is uncontroverted that defendant Lane, an employee of defendant Lang, was driving a refueling truck at Omaha's Epply Airfield when the truck skidded on the ice and collided with one of the aircraft, pushing it into the other. The two aircraft involved are a 1969 Cessna Skylane and a 1969 Cessna Skymaster. The cost of repairing the Skymaster was $1,393.95. The repairs on the Skylane were $417.12.

Plaintiff argues it was not possible to restore the two planes to substantially the same condition they were in before the accident. Plaintiff, in support of its contention, draws our attention to a rather unique situation which surrounds damages to aircraft. Log books are required to be kept of all services and repairs which involve aircraft. These log books accompany the aircraft throughout their useful lives and are examined by any prospective purchaser. It is uncon-

troverted that an aircraft with a damage history reflected in its log book has a diminished market value. Thus, plaintiff contends these aircraft, due to their damage history, could never be placed in substantially the same condition as before the accident, and consequently the difference in market value immediately before and immediately after the accident is the only fair measure of damages.

The question of the proper measure of damages for injury to aircraft appears to be one of first impression in this state. The general rule in Nebraska with respect to the proper measure of damages for injury to personal property is well settled. It is the rule now applied in automobile damage actions. The general rule is that where a damaged automobile can be repaired at reasonable cost and restored to substantially its original condition, such cost is the proper measure of damage. Where the automobile cannot be placed in substantially the same condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident. Sober v. Smith (1965), 179 Neb. 74, 136 N. W. 2d 372.

There is no question here, after repairs the aircraft involved were in substantially the same physical condition as before the accident. Both of them after repair were certified as airworthy. Plaintiff contends, however, because the log book indicates damage to the plane, its after-damage market value is necessarily greater than the repair bill and that plaintiff, as an innocent victim of defendants' negligence, should be reimbursed for its actual damages.

It is a truism that no one would knowingly pay full value for an article which has been damaged and repaired. In this respect an aircraft is in no different position than a motor vehicle. The difficulty is the aircraft because of its log book carries a record indicating damage requiring repairs. Yet, because the

aircraft were admittedly restored to an airworthy status or substantially their original condition, the reasonable market value of the aircraft while damaged, deducted from their pre-damage value, would seem to overestimate plaintiff's actual loss. In balancing the considerations present, where personal property is damaged and can be restored to substantially its original condition, this court in the past has never deemed it proper or equitable to award a plaintiff the difference in value between the reasonable market value of his property before the accident and the reasonable market value of the property when still in its damaged condition. To do so would overcompensate the owner of the property. Balancing considerations, the present personal property damage rule appears the most equitable. In the interests of uniformity, we are not inclined to apply a different rule for damage to aircraft merely because a log book records the fact that the plane has been repaired. On the record herein, the cost of repairs was the proper measure of damages.

Where personal property can be repaired so that when repaired it will be in as good a condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the article while being repaired with ordinary diligence, not exceeding the value of the article before the injury. Helin v. Egger (1931), 121 Neb. 727, 238 N. W. 364.

The plaintiff, in paragraph 9 of its original petition, alleged loss of use of the Skymaster as an element of damages in addition to the allegations in paragraph 8 on diminution in market value. The defendants moved to strike paragraph 9 of plaintiff's petition on the ground that it presented an inconsistent theory of damages. That particular portion of defendants' motion was overruled. However, defendants' motion to strike a portion of paragraph 8 of the original petition was sustained. Plaintiff then amended its petition by adding amend-

ments numbered paragraphs 8 and 9. Paragraph 8 covered the damages for the Skymaster, while paragraph 9 covered the damages to the Skylane.. The original petition gave only the amount of damages claimed for each aircraft. The amendments set out the values to claim the difference between the fair market value immediately before the accident and the fair and reasonable market value immediately after. It is well established in this state where the measure of damages is the difference between the reasonable market value immediately before and immediately after. the accident, the injured party is not permitted to recover, in addition thereto, damages for loss of use. Neill v. McGinn (1963), 175 Neb. 369, 122 N. W. 2d 65.

Plaintiff did not file an amended petition. Rather, it filed an amendment to the petition. The amendment reads: "Comes now the plaintiff, and for its Amendment to its petition against the defendant alleges and states as follows: 1. Comes now the plaintiff and amends Paragraph 8 of its Petition as follows * * *." Then it sets out paragraphs 8 and 9. Nothing was said about amending paragraph 9 of the original petition. The problem arises because plaintiff has two paragraphs 9, the one in the original petition and the one in the amendment to the petition which should have been designated differently. It is evident that plaintiff did not intend to eliminate original paragraph 9 praying for loss of use of the Skymaster from its original petition. Defendants' motion to strike paragraph 9 had been overruled.

Plaintiff attempted to introduce evidence of loss of use but defendants' objection was sustained on the theory the claim for loss of use had been eliminated from the petition. Plaintiff attempted to make an offer of proof to prove loss of use of the aircraft and the court sustained defendants' objection to the offer of proof. The trial herein was to the court, a jury having been waived. At the time of the court's rulings on the motion to ex-

clude loss of use it was not certain as to which measure of damages was the proper one. When the court determined that the cost of repair rather than the reasonable value before and after damage was the proper measure of damages, it should have permitted evidence of the loss of use of the Skymaster.

Finally, defendants contend on cross-appeal that the trial court erred in finding plaintiff was the owner of the aircraft at the time of the accident. Exhibits 3 and 4, which are notarized aircraft bills of sale, indicate that D.A.D., Inc., sold both the Skylane and Skymaster to plaintiff on November 12, 1968, which was prior to the accident. Defendants' claim is based on exhibits 12 and 13, which are certified copies of aircraft registration filed with the F.A.A. They contain notarized copies of bills of sale dated subsequent to the accident. The two bills of sale for each aircraft bearing the later sales dates were explained as regular business procedure between plaintiff and D.A.D., Inc. The trial court found that as between D.A.D., Inc., and plaintiff, the November 12, 1968, bills of sale would be valid and that for the purposes of this record plaintiff was the proper party to seek recovery for the damages sustained by the two aircraft. We see no reason to disagree with this finding.

For the reasons given, the judgment of the trial court is affirmed insofar as it allows the repair bills for the two aircraft, and the cause is remanded to the District Court for further testimony on the loss of use of the Cessna Super Skymaster 337. Costs are taxed to the defendants.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

BOSLAUGH, J., concurs in the result.