DAVID HATCH, APPELLEE, V. PETER F. HEIM, APPELLANT.

265 N. W. 2d 444

Filed May 3, 1978. No. 41410.

Michael G. Helms of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

McCormack, Cooney & Mooney, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and WHITE, JJ., and WARREN and KORTUM, District Judges.

KORTUM, District Judge.

This is an action to recover damages arising from a collision of motor vehicles operated by the plaintiff and defendant. The jury returned a verdict for the plaintiff and the defendant has appealed.

The accident happened on September 22, 1976, at approximately 32nd and L Streets in Omaha, Nebraska. The plaintiff was proceeding westbound on L Street and was stopped behind traffic when his 1970 Ford van was struck in the rear by the defendant's 1960 International Scout.

On the day following trial in the District Court, while the jury was in recess, the defendant filed an amended answer admitting liability. The only issues thus raised by the pleadings and tried in the District Court related to the nature and extent of the plaintiff's damage, including injury to his person and to his vehicle.

The defendant first assigns as error that the trial court erred in admitting, over defendant's objections, a repair bill purporting to represent the repairs to plaintiff's vehicle.

The plaintiff's vehicle was a 1970 Ford van, purchased 2 months before the accident for $200. The van had between 84,000 and 93,000 miles on it at the time of the accident. At the time of the accident, the plaintiff's van was completely unpainted, had

some automotive putty applied to it, and was not equipped with any bumpers.

Photographs of the plaintiff's vehicle taken shortly after the accident, and subsequently admitted into evidence, showed dents to the right side, right rear corner, including a broken taillight assembly.

The repairman called by the plaintiff testified there was rust in the lower portion of the right rear panel in the same area that was damaged by the accident, as well as rust on the front and left side of the van. The plaintiff testified that he had begun to repair some areas of rust on his van prior to the accident and that the rust had no connection with the accident.

The repairs to plaintiff's vehicle included a complete painting of the van, repair of rust areas in the right rear and sanding of rust areas in the front and left side, repair of dents, replacement of the rear bumper, and installation of a taillight lens.

Exhibit 7 was the repair bill in the amount of $1,008.46. The repairman testified that he performed the work on exhibit 7 and that the charges were fair and reasonable for the work done: The exhibit contained the following description of work done, "repair rust & dents as needed. Install taillight lens and front bumper."

The trial court admitted exhibit 7 over defendant's objection. No other evidence was presented to show the fair and reasonable cost of repair to plaintiff's vehicle.

When a damaged vehicle can be repaired and restored to substantially its original condition, the cost of repair is the proper measure of damage. Carl R. Anderson & Co. v. Suhr, 181 Neb. 474, 149 N. W. 2d 101; Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255.

It seems quite clear that the repair made for replacement of the rear bumper, repairs of rust, and repainting of the entire vehicle were not made necessary by reason of the accident. No effort was made in exhibit 7, or in the testimony presented, to

either itemize the repair charges or to separate the charges in any manner. Damages must be proved with all the certainty the case permits and cannot be left to conjecture, guess, or speculation. Carl R. Anderson & Co. v. Suhr, *supra*; Wylie v. Czapla, *supra*.

In this instance there was no evidence presented from which the jury could determine the fair and reasonable cost of those items of repair directly related to the accident. The reception of the repair bill, exhibit 7, over objection by the defendant, was clearly erroneous and requires a new trial on the issue of damages.

Defendant also assigns as error the refusal of the court to give defendant's requested instruction relating to the personal property damage. The requested instruction was as follows: "The fair and reasonable cost of making the repairs necessary to restore the vehicle to substantially its condition immediately before the injury.

"The reasonable cost of repair cannot exceed the value of the vehicle before the accident. Thus, the proper measure of damages for the damage to the vehicle is the lesser of:

"(a) the fair and reasonable cost of making the repairs necessary to restore the property to substantially its condition immediately before the accident; or

"(b) the fair and reasonable market value of the property immediately prior to the accident."

The trial court refused to give this instruction and instead gave the following instruction: "Evidence has been received that there has been damage to the Plaintiff's automobile as a result of the collision. It is for you, the Jury, to determine the amount and extent of such damage, if any.

"You are instructed that under the law of this State the Jury may determine the amount of damage under the theory of repair which is: The fair and reasonable cost of making the repairs necessary

to restore the automobile to substantially its condition immediately before the accident.

"The reasonable cost of repair cannot be excessive in comparison to the value of the vehicle at the time of the accident or immediately prior thereto. It is, however, for you, the Jury, to determine the value of the vehicle at the time of or immediately before the accident. The amount paid for an automobile is not the sole criteria to be used by you in making such determination.

"If you, the Jury, determine that the automobile could not be repaired for a reasonable amount, then you must determine the fair and reasonable market value of the property immediately prior to the accident and after the accident, and thus determine the loss to the Plaintiff, under this theory of recovery."

We think the more precise wording of the requested instruction is to be favored. Where personal property can be repaired so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the article while being repaired with ordinary diligence, not exceeding the value of the article before the injury. Sky Harbor Air Service, Inc. v. Lang, 194 Neb. 428, 231 N. W. 2d 704; Helin v. Egger, 121 Neb. 727, 238 N. W. 364.

It is unnecessary to consider the remaining assignment of error. For the reasons given the judgment of the District Court is reversed and the cause is remanded for a new trial on the issue of damages.

REVERSED AND REMANDED.