JAMES L. HUSEBO, APPELLEE AND CROSS-APPELLANT, V.
AMBROSIA, LTD., APPELLANT AND CROSS-APPELLEE.
283 N. W. 2d 45

Filed September 4, 1979.   No. 42249.

Daniel P. Chesire of Kennedy, Holland, DeLacy & Svoboda, for appellant.

John E.  North, Jr. of Lathrop, Albracht & Swenson, for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and COADY and NORTON, District Judges.

NORTON, District Judge.

This matter arises out of an award of damages by the trial court for loss of use of a motor vehicle used principally for purposes other than business, and which is commonly characterized as a "pleasure" vehicle. We affirm as hereinafter modified.

The facts are not in dispute. The plaintiff-appellee, James L. Husebo, hereinafter referred to as plaintiff, was the owner and operator of a 1970 Chevrolet Blazer which was involved in an intersection collision with another vehicle in Douglas County, Nebraska, on April 25, 1974. The other vehicle was owned by the defendant-appellant, Ambrosia, Ltd., hereinafter referred to as the defendant, and was being operated by an employee of defendant at the time of the collision. Plaintiff's vehicle was damaged but not beyond repair, and on April 30, 1974, he took the same to a local car dealer seeking repairs. Repair parts were not immediately available. Plaintiff's vehicle was returned to the dealer on June 27, 1974, where it was repaired and released to plaintiff on or about July 2, 1974.

On or about May 3, 1974, the plaintiff entered into an agreement with a car rental firm for the use of a substitute motor vehicle. On that date the plaintiff obtained the use of a Monte Carlo automobile which he used until June 10, 1974, when he returned it to the dealer and secured the use of a pickup truck. The record would not indicate that the plaintiff used these vehicles for any purpose other than as a substitute for his personal vehicle.

The action in the trial court grew out of the refusal of the defendant to reimburse the plaintiff for those costs incurred in the rental of substitute motor vehicles during the period of time that his personal vehicle was unusable or being repaired. Trial was to the court. Evidence received indicated that the plaintiff's vehicle was used only for family use and driving to and from work. The evidence further dis-

closed that the physical damage to the plaintiff's vehicle for necessary repairs resulting from the injuries received as a result of the collision was $679.37. There was also evidence showing that the value of the plaintiff's vehicle immediately prior to the accident exceeded $3,000. There was no showing of the value of the vehicle immediately after the accident. Over objection, the trial court received evidence from the plaintiff showing that the cost of rental of the two substitute motor vehicles was $834.41, consisting of a base rental charge of $704.21 together with the sum of $130.20 which represented a mileage charge for miles that the substitute vehicles were actually driven by the plaintiff during the term of the lease. Upon submission, the trial court found for the plaintiff on the issue of liability and, as a portion of total damages awarded, included the sum of $679.37 for necessary repairs to plaintiff's vehicle and $704.21 for the loss of use thereof during the period required to secure the parts and complete the repair. Defendant duly filed a motion for a new trial alleging error in the allowance of damages for loss of use. This motion was overruled and defendant perfected its appeal. Plaintiff cross-appealed on the disallowance of the rental mileage charges noted above.

The applicable rule in cases of this type is set forth in Hatch v. Heim, 200 Neb. 735, 265 N. W. 2d 444. In that case, the issue presented to the trial court involved the measure of damages for injury to a vehicle not used for business or commercial purposes. The case did not involve damages for loss of use. At page 739, we stated: "Where personal property can be repaired so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the article while being repaired with ordinary diligence, not exceeding the value of the article before the injury."

This rule leads inevitably to the question of how to measure the reasonable value of the use of the motor vehicle injured while it is being repaired with ordinary diligence. We believe the correct measure is that amount which does not exceed either the fair rental value of a vehicle of like or similar nature and performance for a reasonable length of time, or the amount actually paid, whichever is the least. What constitutes the "fair rental value" will vary from locality to locality and is a question of fact to be determined from evidence at the time of trial relating to prevailing community or area standards. "Reasonable length of time" presumes ordinary diligence on the part of the injured party in procuring the repairs and on the part of those performing the repair work, and is also a question of fact to be determined from the evidence at the time of trial. Normal costs of operation of the leased vehicle, while in the possession of the lessee, are not allowable as damages under this rule.

The total damages awarded in this matter by the trial court for injuries to the vehicle involved were $1,383.58. These did not exceed the value of the vehicle immediately before the injury. There is no evidence indicating that the charges actually paid by the plaintiff for the use of the leased vehicles were not fair and reasonable, or that they exceeded the fair rental value of such vehicles in the locality involved. There is no evidence showing that the time to repair was unduly prolonged, or that the leased property was held for an unreasonable length of time. The trial court, in fixing the award for loss of use, deducted from the total cost of the lease that amount charged for mileage incurred, which could be characterized as a charge for depreciation of the rented vehicle during the period of the lease. This charge represented no actual costs of operation by the plaintiff, being only an integral part of the costs of the lease which the plaintiff was required to pay.

There seems to be no justification for the disallowance of this item. Plaintiff's vehicle was depreciating likewise during the period while it was unusable or being repaired. To disallow the mileage charge is, in effect, to compel the plaintiff to pay for depreciation to his own vehicle while it is unusable due to the negligent actions of another. Inclusion of this amount will not raise the total award of damages for injuries to plaintiff's vehicle to a figure which exceeds its value immediately prior to the injury. The judgment of the trial court should be modified to the extent of setting aside this disallowance and amending the judgment against the defendant to the amount of $834.41 for the loss of use item.

The judgment of the trial court is affirmed as modified.

AFFIRMED AS MODIFIED.