331 N.W.2d 266 (1983)
213 Neb. 755
NEBRASKA TRUCK SERVICE AND SALES, INC., Appellant and Cross-Appellee,
v.
UNITED STATES FIRE INSURANCE COMPANY, a corporation, Appellee; Johnston Insurance Agency, Inc., a corporation, and Robert Lampe, Appellees and Cross-Appellants.
No. 82-227.
Supreme Court of Nebraska.
March 18, 1983.
*267 Richard J. Gilloon of Schicker & Leahy, Omaha, for appellant and cross-appellee.
Melvin C. Hansen and Richard J. Rensch of Hansen, Engles & Locher, P.C., Omaha, for appellee U.S. Fire Ins. Co.
John F. Thomas of McGrath, North, O'Malley & Kratz, P.C., Omaha, for appellees and cross-appellants Johnston Ins. and Lampe.
KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and BUCKLEY, District Judge, and COLWELL, District Judge, Retired.
KRIVOSHA, Chief Justice.
The appellant, Nebraska Truck Service and Sales, Inc. (Nebraska Truck Service), appeals from an order entered by the District Court for Douglas County, Nebraska, sustaining a motion for judgment notwithstanding the verdict in favor of the appellees, United States Fire Insurance Company, Johnston Insurance Agency, and Robert Lampe, hereinafter jointly referred to as Insurers. We affirm.
Nebraska Truck Service filed suit against Insurers, alleging that Nebraska Truck Service, the owner of a 1978 Cobra fifth-wheel trailer, requested the Johnston Insurance Agency to obtain a garage and auto fleet insurance policy providing comprehensive coverage for the trailer. Nebraska Truck Service maintains that Johnston Insurance Agency negligently failed to obtain a comprehensive policy for the full value of the trailer and, instead, obtained coverage from U.S. Fire with a limit of $8,500. The trailer was stolen during the Labor Day weekend in September of 1979. U.S. Fire paid Nebraska Truck Service $8,500 for the loss of the trailer, pursuant to the policy.
In its order sustaining the motion for judgment notwithstanding the verdict, the trial court acknowledged that it should have sustained the motions for directed verdict made by Insurers at the close of the case. The rationale for the court's conclusion was that Nebraska Truck Service was contributorily negligent in not reading the policy when it was sent to it and that the policy, on its face, disclosed that the limit of liability was $8,500. The record is fairly clear that had the policy been examined it would have been apparent that the maximum amount of liability under the comprehensive section of the policy was $8,500. We need not, however, reach that issue, because our examination of the record discloses that Insurers' motions for directed verdict, made both at the close of Nebraska Truck Service's case in chief and at the close of all the evidence, should have been sustained on the basis, as asserted by the Insurers, that Nebraska Truck Service had failed to prove the value of the trailer on the date of the loss. Under the terms of the policy issued, Nebraska Truck Service was required to do so and clearly did not.
As we noted in Kenyon & Larsen v. Deyle, 205 Neb. 209, 217, 286 N.W.2d 759, 764 (1980): "The measure of damages for the loss caused by the negligence of the broker is the amount that would have been *268 due under the policy if it had been obtained by the broker." That amount is clearly provided for by the contract of insurance, and reads as follows: "B. The most we will pay for loss is the smallest of the following amounts: 1. The amount shown in the schedule of this endorsement. 2. The actual cash value of the damaged or stolen property at the time of loss. 3. The cost of repairing or replacing the damaged or stolen property with other of like kind or quality." (Emphasis supplied.) Nebraska Truck Service maintains that it should have been entitled to receive payment in an amount of not less than the difference between $18,347.94 and the $8,500 paid to it by U.S. Fire. In order to be entitled to that sum, or any sum in excess of the amount actually received, Nebraska Truck Service was obligated to introduce evidence showing that the actual cash value of the Cobra or the cost of replacing the Cobra on the date of loss was in excess of the amount which, in fact, it received from U.S. Fire. Damages, like any other element of plaintiff's cause of action, must be pled and proved, and the burden is on the plaintiff to offer evidence sufficient to prove plaintiff's alleged damages. See Settell's, Inc. v. Pitney Bowes, Inc., 209 Neb. 26, 305 N.W.2d 896 (1981).
The record in this case is simply silent as to those matters. The only evidence which remotely approaches value is testimony by an officer of Nebraska Truck Service as to the "approximate cost" of purchasing the trailer in question almost a year before the loss. Even then the testimony as to the purchase price is not precise. Nebraska Truck Service produced at trial two sales slips to reflect the purchase price of the trailer. One, offered and received in evidence, showed a price of $16,212. This admittedly was a duplicate prepared some time after the purchase. A second sales slip was not offered in evidence. William Smith, the president of Nebraska Truck Service, testified as follows: "Well, do you remember what the exact figure was, sir? A No, I don't." If all of the checks offered by Smith, allegedly representing the purchase price, are added together, the amount reached is $16,310.56. Smith testified that he also paid some cash, but he could not remember an exact amount. On redirect by its own counsel a Nebraska Truck Service officer was again asked about the purchase price, as follows: "Q... Mr. Smith, is that $16,212.00 an accurate figure for what you paid for the 1978 Cobra fifth-wheel trailer when you purchased it in Logan, Iowa? A No." Smith again attempted to testify as to some approximate figure, but the answer was stricken by the court.
Assuming, for the sake of argument, that one can determine from all of the evidence a specific dollar amount representing the purchase price of the trailer, the most that one can determine is the purchase price of the trailer nearly a year earlier than the loss; and while the purchase price might, under proper conditions, reflect present value, the evidence in this case is simply insufficient. There is no testimony as to the condition of the trailer after its purchase, nor any testimony from which it can be concluded that the value of the trailer when it was stolen was equal to or greater than the purchase price nearly a year earlier. It was Nebraska Truck Service's burden to present that evidence, and its failure to do so was fatal. "It is fundamental that the plaintiff's burden to prove the nature and amount of damages cannot be sustained by evidence which is speculative and conjectural." Dawson v. Papio Nat. Resources Dist., 206 Neb. 225, 232, 292 N.W.2d 42, 47 (1980). See, also, Clearwater Corp. v. City of Lincoln, 202 Neb. 796, 277 N.W.2d 236 (1979). "Damages must be proved with all the certainty the case permits and cannot be left to conjecture, guess, or speculation." Hatch v. Heim, 200 Neb. 735, 738, 265 N.W.2d 444, 445-46 (1978).
In the instant case Nebraska Truck Service was alerted to the problem when Insurers moved for a directed verdict, both at the close of the plaintiff's case and again at the close of all the evidence, on the specific ground that Nebraska Truck Service had failed to prove the value of the *269 trailer on the date of its loss. It was not too much to ask Nebraska Truck Service to offer testimony as to the value on the date of the loss, as required by the policy. Having failed to do so, there was no evidence upon which the jury could determine the proper measure of damages, and the trial court therefore should have sustained the motion to dismiss. Recognizing its error and having entered a judgment notwithstanding the verdict, the court corrected the defect which earlier had gone uncorrected. The fact that it may have given a reason other or different than the one upon which we base our decision is of no moment in the present case. The judgment of the trial court is affirmed.
AFFIRMED.