STOULIG, Judge.
Appellants, Paul Marotte and South Central Bell Telephone Company, though not admitting liability, did not seriously contest the issue of their negligence. The scope of this appeal is therefore limited to appellants’ contention that excessive damages were awarded to Nelson Scott, Sr., for personal injuries and property loss, and to Frances Smith Lee for personal injuries incurred in an intersectional collision at Frenchmen and Urquhart Streets in the City of New Orleans.
Personal injury awards were $4,500 to Scott for a “moderate whiplash” and $3,000 to Mrs. Lee for a “moderate lumbo-sacral strain,” for which injuries both plaintiffs were treated for seven months after the accident.[1] Defendants, who initiated the course of treatment by transporting both parties to the hospital emergency room after the accident, contend in essence the attending physician, Dr. Paul Naccari,[2] continued treating both plaintiffs long after they became asymptomatic. Appellants maintain the quantum to each plaintiff should be reduced to compensate them for only that period they were experiencing pain from their injuries.
While the testimony of Dr. Naccari reflects he did not know precisely at what point in time either patient had no complaint of intermittent pain and that he continued treatment to monitor patients’ condition to detect any residual disability, relapses, or development of complications, the evidence, when read as a whole, does not support defendants’ contention of over-treatment. Both plaintiffs testified they experienced intermittent pain until their discharge and the records of the clinic *469 with which Dr. Naccari is associated reflects their specific complaints of pain at least five or six months after the accident.
The trial judge, who questioned them closely as to duration of their pain, said in verbal reasons for judgment he was “* * * impressed with the sincerity of both plaintiffs * * He further pointed out the defendant corporation was responsible for taking plaintiffs to the hospital after the accident and the treating physician was one referred by hospital personnel. We assign great weight to the findings of the trial judge and conclude the evidence fully supports his evaluation of these personal injury claims. Both awards are reasonable.
Finally, defendants urge us to reverse the $500 property damage award because the evidence fails to establish the extent of the loss. They cite two cases[3] holding the plaintiff must prove his measure of property damage to recover.
This case is distinguishable because the extent of the loss has been established by a preponderance of the evidence. While the expert witness called by Scott to establish the loss was unimpressive, there is other proof upon which the award may be premised. Plaintiff testified he paid $695 for the 1964 Pontiac one year before the accident and that it had not been damaged prior to this collision; the vehicle could not be driven thereafter; and he finally sold it for junk for $15. In verbal reasons, the trial judge stated he based his award for property damage on the purchase and sale prices of the automobile, coupled with a photograph showing extensive damage to it. Obviously the fact that Scott was able to realize only $15 from the sale of the damaged vehicle after only one year’s use strongly influenced this determination. There is no evidentiary basis in the record on which the exact value of the automobile can be ascertained, and under the circumstances, although the award of $500 of necessity is an approximation, we uphold it.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Scott’s treatment consisted of 11 office examinations and 19 diathermy treatments during the period of October 30, 1971 through May 23, 1972. Mrs. Lee received medical attention from October 30, 1971 through June 20, 1972, which involved 11 office visits and 16 diathermy treatments.

. Interestingly, neither plaintiff had been treated by this doctor before the accident. 1-Iis name was furnished to them by a nurse in the emergency room with the recommendation they contact him for medical treatment. Dr. Naccari testified that he regularly sees patients for South Central Bell Telephone Company in the Gentilly area.

. Bailey v. Moore, 276 So.2d 708 (La.App. 1st Cir. 1973) (appellant has not established either the value of the vehicle before the accident, the cost of repairs, or the salvage value); Dyer v. Miller Buick Co., 230 So.2d 113 (La.App. 1st Cir. 1969) (no proof as to the extent of damages was offered).