An appropriate order will be entered in accordance with these findings.

**HARRIS, Plaintiff, v. KELLER, Defendant.**

Municipal Court, Springfield.

No. 104884. Decided May 10, 1960.

**46**

Thomas Taggart, for plaintiff.
Durfey, Martin, Browne & Hull, for defendant.

## OPINION

By COLE, J.

This cause is before the Court on defendant's motion to strike certain allegations from the petition. The motion contains five branches. Branch I of such motion is directed at the manner in which plaintiff pleaded damages to the automobile in question. Plaintiff concedes that this branch of the motion should be sustained. Branches II, III, IV and V all depend on the question "Is plaintiff entitled to damages for loss of use of the automobile in question, which plaintiff concedes is used for pleasure for the purpose of this motion?"

The Court will deal with this question and then specifically rule on each branch.

The law of Ohio is well settled that a person is entitled to damages for loss of use of a motor vehicle. This, of course, is not contested by defendant whose position is that the Ohio cases in allowing such damages limit this remedy to commercial vehicles and do not include pleasure vehicles. For this reason, the Court will not belabor this opinion with citations supporting the allowance of damages for loss of use for vehicles used in business.

The Court is of the opinion that no reported Ohio case exists which allows damages for loss of use of a pleasure automobile although this court in Stackhouse v. Lance, No. 94152 (1958) ruled that damages may be recovered for loss of use of a pleasure automobile. This does not mean that the reported cases deny such remedy but merely that in all cases where such damages have been allowed, the motor vehicle in question was used commercially and not solely for pleasure purposes. Thus in the second and third syllabi of **Hayes Freight Lines Inc. v. Tarver, 148 Oh St 82; 35 O. O. 60,** the Ohio Supreme Court said:

2. Where a motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable period of time after its damage, the owner may recover not only the difference in value of the vehicle immediately before and immediately after the damage, but may also recover the loss of the use of the vehicle for such reasonable period of time as is necessary to make the repairs.

3. Where the owner of a motor vehicle seeks to recover the loss of the use of such vehicle damaged through the negligent acts of another, he must allege and there must be proof that his damaged vehicle is reasonably capable of being repaired within a reasonable period of time after its damage, and the burden of proving such fact rests upon him.

In this case the vehicle involved was a tractor-trailer and thus, quite obviously, the question of loss of use for a vehicle used only for pleasure was not before the Court, but the language used above does not qualify in any way that the vehicle must be commercially used.

Nor is the language so limited in other Ohio cases where loss of use was claimed and allowed for commercial vehicles.

In searching the case law of other jurisdictions, it is apparent that the majority of those states ruling on this question allow damages for loss of use of a pleasure vehicle. The majority includes New York, Connecticut, California, Illinois, and nine other states, whereas, this Court only discovered three states which deny damages for loss of use of a pleasure vehicle. In Cook v. Packard Motor Car Company, 88 Conn. 590; 92 Atl. 413 (1914), the Supreme Court of Errors of Connecticut held that such damages may be allowed and, in supporting its holding, stated:

"We fail to see why the character of the intended use should determine the right to a recovery, although it will, of course, affect the amount of recoverable damages.

"An automobile owner, who expects to use his car for pleasure only, has the same legal right to its continued use and possession as an owner who expects to rent his car for profit; and the legal basis for a substantial recovery, in case of a deprivation of the use of the car, is the same in one case as in the other. Such an invasion of property right calls for an award of substantial, as distinguished from nominal, damages, and the only difficulty in applying the rule of compensatory damages to cases of this character is the very practical difficulty of estimating the actual damages in money. But the law does not deny substantial damages to one who has suffered a substantial injury, solely on the ground that the injury has not produced or will not produce a pecuniary loss. For example, no one would contend that only those plaintiffs whose incomes depended on their earning capacity could recover substantial damages for injuries to person or character. So in this case the fact that the plaintiff has suffered no pecuniary loss ought not to prevent a recovery proportionate to the actual extent of his injury."

This Court agrees not only with the ruling of the above case but also the reasons for such ruling. The owner of an automobile has an investment in it and has a right to its use. If that use is interrupted due to no fault of his own, he should be able to recover for the damage caused by such interruption. If it is not used in the production of income, his right to its use is no less. If he is forced to expend additional funds to provide like transportation, should he be penalized merely because it is not a productive use? This Court thinks not. The fact that it may be used more, if used commercially, thereby increasing the amount of damages, does not eliminate the fact that damage exists where it is used for pleasure only. And the mere fact that it may be difficult to calculate the amount of damages in such a case should not deprive a person the right of recovering therefor if, in fact, such damages do exist. And such damages should only be limited to the extent that, combined with the damages to the vehicle, they do not exceed the reasonable market value of the vehicle immediately prior to the accident. This court finds that the plaintiff owner of a motor vehicle, where such motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable time after its damage, may

recover not only the difference in value of the vehicle immediately before and immediately after the accident, but may also recover for the loss of use of the vehicle for such reasonable period of time as is necessary to make the repairs thereto; and this is so whether the vehicle be used for business or pleasure purposes.

The value of such use may properly be determined by the expense of hiring the property which the owner is forced to substitute for it, if it can be replaced. See **Cincinnati Traction Company v. Feldcamp, 19 Oh Ap 421.**

In view of the above branch I of the motion will be sustained and branches II, III, IV, and V of the motion will be overruled.

An entry may be prepared accordingly.