NATIONAL DAIRY PRODUCTS COMPANY *v.* JUMPER et al.

No. 41894 June 5, 1961 130 So. 2d 922

340 

*Stovall & Price,* Corinth, for appellants.

*Robert B. Smith,* Ripley, for appellees.

ETHRIDGE, J.

The principal question pertains to the measure of damages for loss of use of a commercial vehicle. Appellees, H. G. Jumper and James L. Jumper, brought this suit in the Chancery Court of Tippah County against appellant, National Dairy Products Corporation, seeking damages for injury to their tractor-trailer unit, resulting from a collision between the tractor and a cow owned by the corporation. The suit was based on a claim that defendant negligently maintained its fences, and, as the proximate result, the cow escaped from the

field and walked in front of the tractor at night. Under Miss. Code 1942, Rec., Sec. 4876-05, the burden of proof is on the owner of such livestock to prove lack of negligence. ██ After hearing considerable testimony, the court found that the tractor driver was not guilty of contributory negligence, and defendant's negligence proximately caused the damages to complainants' vehicle. There was substantial evidence to support the findings of defendant's liability, and that one proper element of damages was the cost of repairs to the tractor, $1,104.27.

As another element of damages, the trial court also awarded appellees $4,050.00 for loss of profits for the six weeks during which the tractor was being repaired, which allegedly resulted from their inability to haul corn during this period.

██ When a commercial vehicle which has been injured may be repaired, if the repairs will substantially restore it to its former condition, the cost of such repairs will ordinarily furnish an element of damages. Anno., 4 A. L. R. 1350, 1352-1355 (1919); 5A Am. Jur., Automobiles and Highway Traffic, Sec. 1114. ██ If in addition to the physical injury the owner has lost the vehicle's use for a period of time, as during the process of repair, he is entitled to the value of the use of the property during this period. 4 A. L. R. 1355. The weight of authority is that, except in special circumstances, loss of profits cannot be considered as a measure of such damages. Such an element usually contains considerable speculation and conjecture. 4 A. L. R. 1361; 5A Am. Jur., *ibid.*, Sec. 1116; 25 C. J. S., Damages, Sec. 83, p. 602; Anno., 169 A. L. R. 1074 (1947). ██ A more precise and easily defined measure for loss of use of a commercial vehicle is the rental or usable value of the property during the period the owner has been deprived of it. This is the generally recognized criterion. Damages for loss of use should be measured by the cost of hiring another vehicle while the repairs are being made.

The rental value of a replacement vehicle may be recovered, even though no other was actually procured during the interval. 5A Am. Jur., *ibid.,* Sec. 1115.

Where no substitute vehicle can be rented in the market and area reasonably related to complainant's business and trade area, loss of profits may be recovered where the evidence is of sufficient probative value to adequately and clearly measure such loss of profits. However, an award for loss of profits is erroneous in the absence of a showing that no other vehicle could be rented or that the rental value could not be determined. 25 C. J. S., pp. 601-602. The cited annotations and texts discuss a multitude of cases following these principles.

 █ In short, loss of use of a repairable vehicle is measured by the reasonable rental value of a similar unit. There is one exception, where the owner can show that no substantially similar unit was available for rent. The burden of proof to establish the exception is upon the person seeking damages. Vining v. Smith, 213 Miss. 850, 58 So. 2d 34 (1952), and Greyhound Corporation v. Townsend, 234 Miss. 839, 108 So. 2d 208, 853 (1959), approve in dicta the above stated rules. This measure of damages for loss of use has the virtue of certainty and fairness, in that there can ordinarily be determined specifically the value of the loss of use, by ascertaining the rental value of a similar vehicle. █ One seeking to hold another liable for damages must use reasonable efforts to avoid or mitigate them. Anno., 55 A. L. R. 2d 936 (1957).

 █ In the instant case, appellees failed to show the rental value of a similar vehicle, and admitted they had made no effort to rent a substitute unit. Their measure of damages for loss of use is the rental value of a substitute, unless they can show that none was available. Hence it was error to award appellees damages for loss of profits during the repair period.

In summary, the decree of the chancery court is affirmed in part, as to liability of appellant and as to the stated amount for cost of repairs to the tractor. It is reversed in part, insofar as it awarded damages for loss of use measured by loss of profits. Accordingly, in order to determine appellees' damages under the proper rules for loss of use of their commercial vehicle, the cause is remanded for a hearing and decision by the chancery court on that issue.

Affirmed in part, reversed in part, and cause remanded.

*McGehee, C. J.,* and *Arrington, Rodgers* and *Jones, JJ.,* concur.