THORMAHLEN et al., Respondents v. FOOS, Appellant

(163 N.W.2d 350)

(File No. 10484. Opinion filed December 13, 1968)

**Bangs, McCullen, Butler & Foye, Thomas E. Simmons,** Rapid City, for defendant and appellant.

**Overpeck, Hamblin & Mueller,** Belle Fourche, for plaintiffs and respondents.

ROBERTS, Judge.

The collision giving rise to this litigation was between a semitrailer truck driven by William Thormahlen and owned by his employer the Townsend Lumber Company, Townsend, Montana, and a truck owned and driven by defendant. William Thormahlen seeks damages for personal injuries in the amount of $7,500. Townsend Lumber Company asks judgment for damages in the amount of $4,733.33 for loss of the use of its tractor

and trailer while it was being repaired and damage to the same and cargo, and the Virginia Surety Company, Inc., insurer of the tractor and trailer owned by the Townsend Lumber Company, asks judgment as subrogee to rights of the insured against the defendant in the amount of $5,203.91 paid under its policy of insurance. The three actions were consolidated for trial.

The actions were tried to a jury. A motion for direction of verdicts was made and denied at the conclusion of the plaintiffs' case and at the conclusion of the trial. The trial resulted in separate verdicts in favor of the plaintiff in each of the actions in the exact amount of ten percent of the sum sought as set forth above.

The evidence reveals that the motor vehicles involved were, prior to the accident, proceeding easterly on Highway 212 about fifteen miles east of Belle Fourche, South Dakota. At the location of the accident two driveways intersect Highway 212 on the north which provide access to the farmyard of the defendant. The driveways are approximately 270 to 300 feet apart. Across the highway near the east driveway there is an unmarked T-intersection with a county highway to the south. Plaintiff driver at the time of the accident was enroute to Minneapolis to deliver a load of lumber for his employer. Defendant was returning to his home and his truck and trailer having an over-all length of approximately 48 feet were loaded with grain. The accident occurred when defendant was making a left turn into the east driveway and plaintiff driver was attempting to pass defendant from the rear. Plaintiff turned his tractor and trailer to the right and struck the right rear of defendant's trailer.

Plaintiffs claim that plaintiff driver after sounding his horn crossed to the left of the center lane of the highway and that defendant without warning or signal of his intention to turn left drove his truck across the highway in such a manner that the highway was suddenly blocked and plaintiff was unable to avoid a collision. Defendant contends that plaintiff driver was contributorily negligent as a matter of law because of his violation of statutes bearing on the duties of a driver to give audible warning with horn or other device before passing a pre-

ceding vehicle and to refrain from overtaking and passing at an intersection another vehicle proceeding in the same direction. There should for reasons hereinafter stated be no extended discussion of the details of the accident.

Defendant appeals from an order denying the motion of the defendant for judgment notwithstanding the verdicts and granting the application of the plaintiffs for new trial on the ground of inadequate damages. The basic grounds presented by the assignments of error are that defendant's motion for directed verdicts should have been sustained for want of evidence to support them and that the court erred in granting the application of plaintiffs for new trial.

■■ A motion for new trial differs from a motion for directed verdict or for judgment notwithstanding a verdict and differs in result. The motion for new trial may invoke the discretion of the trial court insofar as it is claimed that the verdict is against the weight of the evidence, that the damages are excessive or inadequate, or that, for other reasons the moving party did not obtain a fair trial and, if granted, results in another trial, possibly with the introduction of different evidence. A motion for directed verdict or judgment notwithstanding the verdict presents a question of law as to whether there is any evidence, if believed, sustaining the verdict against the moving party and, if granted and followed by entry of judgment terminates the litigation.

■■ Motion for judgment notwithstanding verdict does not preclude the filing by adverse parties of an application for new trial. Rules 50(b) and 59, Rules of Civil Procedure; Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. This phase of the law is exhaustively reviewed in an annotation in 69 A.L.R.2d 449. A leading case involving the construction of Federal Rule 50(b), from which our rule of the same number was taken verbatim except that the time for making a motion for judgment notwithstanding the verdict is changed from not later than 10 days "after entry of judgment" to the same period of time "after **notice** **of** entry of judgment", is Cone

v. West Virginia Pulp & P. Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849. The court held that the rule does not absolutely require the entry of such judgment instead of ordering a new trial, even though the trial court is persuaded that it erred in failing to direct a verdict for the losing party. The motion of plaintiffs for new trial presented matters resting in the discretion of the trial court which could not be considered on motion of defendant for judgment notwithstanding the verdicts. The trial court at the same time disposed of both motions by denial of motion of defendant for judgment and granting of motion of plaintiffs for new trial. We have then for decision the reviewability of the part of the order denying motion for judgment notwithstanding the verdicts.

■■■ There is right of appeal from an order granting a new trial. SDC 1960 Supp. 33.0701. An order denying a motion for judgment notwithstanding the verdict is interlocutory and within the provisions of statute cited is not appealable without leave. It becomes reviewable following entry of judgment which disposes of the action and from which an appeal is taken. Hence the appeal in effect is from that part of the order granting motion for new trial.

The order for new trial is based upon the grounds of inadequate damages appearing to have been given under the influence of passion or prejudice and insufficiency of the evidence to justify the verdicts. Rule 59(a), (5, 6), Rules of Civil Procedure. The court submitted to the jury the issues of negligence, contributory negligence and proximate cause, stating the rights and duties of the parties. The jury was instructed that under the comparative negligence statute the negligence of a plaintiff does not defeat recovery unless it is more than slight and that if under the statute plaintiff is entitled to recovery the amount of contributory negligence attributable to him must be considered in mitigation of damages in proportion to the amount of such negligence. The trial court filed a memorandum opinion stating "that the evidence does not justify the verdict, which could only have been arrived at by a mistake on the part of the jury in applying the comparative negligence

rule"; that the jury erroneously regarded the extent of the contributory negligence of plaintiff driver as the basis of recovery and not in mitigation of damages.

■ Whether a new trial upon the ground of inadequacy of a verdict should be granted or denied rests in the sound judicial discretion of the trial court and its action will not be reversed on appeal except for clear abuse of discretion. Johnson v. Olson, 71 S.D. 486, 26 N.W.2d 132; Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924. Courts are more reluctant to interfere with action of a trial court in granting a new trial than where a new trial has been denied.

■ Where it appears that the damages awarded are manifestly inadequate and there is also a suggestion that they were awarded as a compromise between the right of recovery and the damages sustained, a new trial will be granted. In Gould v. Mans, 82 S.D. 574, 152 N.W.2d 92, the jury awarded the exact amount of the medical and other special damages and made no award for personal injuries. It was held after review of the record that plaintiff was entitled to recover something more than special damages and consequently the trial court did not abuse its discretion in granting a new trial.

■ ■ The damages awarded plaintiffs Townsend Lumber Company and the Virginia Surety Company are inadequate as being manifestly against the great weight of evidence and too the ten percent factor gives rise to a strong inference that the jury either misconstrued the court's instruction on mitigation of damages under the comparative negligence statute or compromised between the right of recovery and damages. The rule is well established that when a motor vehicle has been damaged by the negligence of another, a proper measure of damages is the cost of repairs and the value of its use during the time it is being repaired. Annot., 78 A.L.R. 910. The evidence is that the cost of repair alone of the tractor and trailer belonging to the plaintiff Lumber Company was approximately $5,500. Defendant offered no evidence to dispute or question this and other items of damages.

 Defendant contends that because consistency in verdicts is not required when separate actions are consolidated for trial the verdict in favor of plaintiff Thormahlen should be sustained. We think that the same misconceptions in the other actions on the part of the jury inhere in such verdict. We are persuaded, viewing the record as a whole, that plaintiff did not have fair and understanding consideration of the issues of damages and that in the interest of justice the three actions should again be tried together on all the issues.

The order appealed from is affirmed.

All the Judges concur.