D'AMBROGI *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD ET AL.

[No. 325, September Term, 1972.]

*Decided May 30, 1973.*

The cause was argued before BARNES, McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Jack B. Rubin,* with whom was *Daniel Gordon* on the brief, for appellant.

*Jerome T. May,* with whom were *Francis B. Burch, Attorney General,* and *G. Raymond Valle, Assistant Attorney General,* on the brief, for Unsatisfied Claim and Judgment Fund, one of appellees. No brief or appearance filed for Frances M. Gray et vir, other appellees.

SINGLEY, J., delivered the opinion of the Court.

In July 1970, Mr. D'Ambrogi's truck was struck by an automobile driven by Frances M. Gray and owned by her husband. D'Ambrogi brought suit against the Grays in the Circuit Court for Anne Arundel County which resulted in the entry of a judgment for $1,512.92: $550.00 for personal injuries; $862.92 for loss of the use of his truck, and $100.00 being the amount deductible under his policy of collision insurance, under which the cost of repairing the truck had been met. At trial, D'Ambrogi testified that he had paid $862.92 to a truck rental agency for a replacement truck while his was being repaired.

When the Grays failed to pay the judgment, D'Ambrogi returned to the Anne Arundel County Court with a petition seeking payment of the judgment from Maryland's Unsatisfied Claim and Judgment Fund (the Fund), Maryland Code (1957, 1970 Repl. Vol.) Art. 66½, §§ 7-601 through 7-635 (the Act). From an order directing that $550.00, the portion of the judgment relating to personal injuries, be paid from the Fund, but denying payment of $862.92 attributable to damage sustained by loss of use of his truck, D'Ambrogi has appealed.

The appellant rests his case on two arguments: first, that since the Fund conceded that the procedural requirements of the Act had been complied with, the court below lacked the power to deny judgment; and second, that damage sustained as a result of loss of use of a motor vehicle is properly payable from the Fund. Because we regard the second argument as controlling, we need not consider the first.

D'Ambrogi takes as his point of departure Art. 66½, §

7-606 (a) which sets out the contents of the notice to be given the Fund:

> "Any qualified person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance, or use of a motor vehicle . . . [shall give notice to the Fund of an intention to make a claim for damages otherwise uncollectible]."

Citing *Maddy v. Jones*, 230 Md. 172, 179-80, 186 A. 2d 482 (1962) in support of his contention that the Unsatisfied Claim and Judgment Fund Law is remedial legislation, and should be liberally construed, D'Ambrogi says that § 7-606 (a) clearly encompasses a wide variety of claims arising from a damage to property.

Not so, says the Fund, which is the real appellee in the case before us. For D'Ambrogi to succeed, it argues that § 7-606 (a) would have to read:

> "Any qualified person, who suffers damages resulting from bodily injury or death or [damages resulting from] damages to property * * *."

and then points out that the bracketed phrase is not incorporated in the Act.

It seems to us that D'Ambrogi has the better of the argument. We have noted in *Unsatisfied Fund v. Mosley*, 234 Md. 386, 389, 199 A. 2d 366 (1964) and in *Mundey v. Unsatisfied Fund*, 233 Md. 169, 173, 195 A. 2d 720 (1963) that the Act should be liberally construed so as to advance the remedy, due regard being had for the protection of the Fund and the realization of essential legislative design. There is no inconsistency between a liberal interpretation of the Act to effectuate its general policies and a requirement of strict adherence to the notice provision of the Act which is a procedural condition precedent to collection from the Fund to further its efficient administration, *Wheeler v. Unsatisfied Fund*, 259 Md. 232, 239-40, 269 A. 2d 593 (1970); *Tyler v. Commissioner of Motor Vehicles*, 252 Md. 39, 248 A. 2d 885 (1969).

No extensive citation of authority is necessary to support the proposition that the measure of damages for injury to personal property which has not been entirely destroyed is the cost of repairing the property together with the value of the use of the property during the time it would take to repair it, *W.B.& A. Ry. Co. v. Fingles*, 135 Md. 574, 579-80, 109 A. 431 (1920). *See also Taylor v. King*, 241 Md. 50, 54-55, 213 A. 2d 504 (1965); Restatement, *Torts* § 927 (b) at 647 and Comment 1 at 657 (1939); Tentative Draft No. 19, Restatement, *Torts* 2d § 927 (2) (d) at 207 and Comment m and Comment o at 216-18 (1973); 15 Blashfield, *Automobile Law and Practice* §§ 480.7, 480.9 at 29, 38 (1966).

Here, the cost of repairing D'Ambrogi's truck was paid by his own insurer. That part of the damage which he suffered which stemmed from loss of use would have been properly recoverable from the Grays, if reasonable, *Weishaar v. Canestrale*, 241 Md. 676, 684, 217 A. 2d 525 (1966), and there was no serious challenge here to the amount paid the rental agency. Upon the Grays' failure to pay, it was recoverable from the Fund under § 7-611 which permits a person holding a valid unpaid judgment for an amount in excess of $100.00 for damages to property to seek payment from the Fund, less the $100.00 deduction mandated by § 7-615 (b) (1).

> *Order reversed, case remanded for entry of order directing the payment of $1,412.92; costs to be paid by appellee, Unsatisfied Claim and Judgment Fund Board.*