MARVIN, Judge.
Plaintiff appeals, seeking to increase amounts awarded in property damage arising out of a Shreveport intersectional collision between her automobile and a truck driven by defendant.
Without assigning reasons, the trial court awarded these specific amounts in the judgment:
$3,700 personal injury
$752 medical expenses
$200 loss of wages
$2,335 property damage.
Plaintiff claims that she should additionally recover for the cost of renting a replacement car (loss of use) while her automobile was being repaired and for the depreciation of the automobile caused by the collision.
Defendants, in answer to the appeal, contend that plaintiff’s recovery should be barred because she was contributorily negligent and, in any event, that the personal injury and the property damage awards were excessive. We amend to increase the property damage and affirm.
CONTRIBUTORY NEGLIGENCE
Plaintiff was proceeding southerly on Creswell, the favored street. Defendant was proceeding westerly on Herndon. The accident occurred during daylight hours on a dry weekday afternoon. The intersection is controlled by a stop sign facing Herndon traffic (defendant) and by a traffic light flashing red to Herndon and yellow to Cres-well. The impact occurred in the southwest quadrant of the intersection. Plaintiff’s automobile skidded some 25 — 28 feet before the left rear side of her car was struck by the left front of defendant’s truck. Plaintiff was not speeding. She was obligated to use reasonable caution approaching the intersection and was entitled to rely on the assumption that defendant would obey the stop sign and the traffic light facing Hern-don until she knew or should have known defendant’s truck was entering the intersection. Lockhart v. McInnis-Peterson Chevrolet, Inc., 205 So.2d 744 (La.App. 1st Cir. 1967).
Plaintiff testified that she saw defendant’s truck approaching, realized that it was not going to stop, and that she didn’t know whether to hit her brake or try to speed up and get out of the way. Considering these things, including the skid marks, the respective points of impact on each vehicle, the plaintiff’s favored status and the place in the intersection where the impact occurred, we conclude that the trial court was not clearly wrong in absolving plaintiff of negligence which would bar her recovery. Defendant’s negligence is not contested.
*1015 PROPERTY DAMAGES
Plaintiff purchased her car, a 1976 Chrysler Cordoba, in August 1976 for $6,000 from an individual automobile dealer who had owned it for five months. The dealer and his wife were personal friends of plaintiff and he testified that the car was sold to plaintiff for less than its retail value and that its value at the time of the wreck in August 1977 was $5,500. This dealer examined the car after it was repaired and the frame straightened. He testified that the then value of the car was only $4,100-$4,-200. A reasonable depreciation should be allowed. Scott v. Marotte, 306 So.2d 467 (La.App. 4th Cir. 1975).
Defendant’s appraiser estimated the cost to repair the damage at $1,835. The car was towed to a Shreveport Chrysler dealer after the collision. Plaintiff, however, did not authorize the repair of the ear by this dealer until three or four weeks after the August 26 accident. Her authorization or order to repair was implied from her telephone inquiries which began before September 26 as to whether replacement parts were available because she “needed her car”. On October 21, plaintiff removed the ear from the body shop of the Chrysler dealer and took the car to an independent body shop. The repairs by the Chrysler dealer were not adequately done. The independent body shop promptly and satisfactorily repaired the car by November 7 at an additional cost of $772. The Chrysler dealer charged plaintiff $1,712 for its repair work. The record indicates that plaintiff had not paid this charge by the Chrysler dealer when trial occurred, but had paid the charge by the independent body shop.
Plaintiff does not deny that defendant’s damage appraiser, who estimated the cost of repair at $1,835, told her she could choose where the repairs were done. Plaintiff was then contending that the car should be totaled so she could purchase another. Plaintiff denies authorizing the repair, contrary to the testimony of the dealer. The lower court obviously concluded that plaintiff authorized the repair and we agree. The damage appraiser did not order the car repaired. It further appears that the dealer requires the owner of a damaged vehicle to authorize repair. See Brooks v. Canadian Universal Ins. Co., 345 So.2d 963 (La.App. 2d Cir. 1977).
The tortfeasor’s obligation is to make reparation in money for the damage he has caused his victim. CC Art. 2315. The victim’s obligation is to minimize or mitigate his damage and not to cause the damage to be increased imprudently. CC Art. 2323. The victim has the burden of proving damages and the trial court is allowed great' discretion in assessing damages.
We have no evidence that plaintiff’s car could not have been repaired for $1,835 even though the two repair bills total more. Plaintiff did not allow the Chrysler dealer to attempt to correct its allegedly defective workmanship. If the first repair was incompetently done, plaintiff would not owe the total amount charged her ($1,712). Neither the Chrysler dealer’s alleged incompetence nor the delay in authorizing repair are legally attributable to the tortfeasor. Miller v. Travelers Insurance Co., 303 So.2d 924 (La.App. 3d Cir. 1974).
The accident occurred August 26. Repair was not authorized by plaintiff, although perhaps inadvertently, until shortly before September 26. The repair in most part was complete, although perhaps inexpertly done, about October 21. It was not directly shown or found in what reasonable time the repair could have been done. We deduce that the repair of plaintiff’s car could have been satisfactorily completed in 30 days. Under these circumstances, plaintiff should recover for loss of use (car rental) for this period of time.
The trial court awarded property damage of $2,335 without itemizing the award. This was $500 more than defendants admit might be owed for repair. We have determined that plaintiff is entitled to some amounts for depreciation and for car rental.
*1016 Plaintiff rented a car for a total of $504 from August 26 through October 20, a period of 56 days. Plaintiff’s maximum recovery for 30 days rental, or 30/56 of the rental expended, would be $270. Plaintiff’s expert testified to depreciation of $1,300 ($5,500 retail value before accident, $4,200 value after repair). This would be plaintiff’s maximum recovery for depreciation.
The legal issue then is whether the trial court’s award of $500 above the estimated repair cost amounts to an abuse of discretion in fairly compensating plaintiff for depreciation ($1,300 maximum) and car rental ($270 maximum). Because the trial court did not itemize its award for property damage, we have no way of knowing whether any amounts were awarded for additional repair costs, depreciation, or car rental, or for any one or any combination of these three items. Defendant does not contest that at least $1,835 might be owed for the repair cost. Under these circumstances, we find the additional award of $500 not to achieve substantial justice and to be an abuse of discretion in fairly compensating plaintiff for her loss. We conclude that plaintiff, in addition to her personal injury and related expense for her direct property losses, will be fairly compensated by an award of $3,405 (the total of $1,835 repair cost, $270 rental and $1,300 depreciation).
PERSONAL INJURY
Plaintiff sustained a musculoliga-mentous strain of her cervical spine and tendonitis of her left knee because of an injury to the patella. After being treated in a hospital emergency room on the day of the accident, plaintiff saw an orthopedist three days later. He found tenderness and a 20 percent decrease in the range of motion in the cervical area. Analgesics were prescribed and taken. Plaintiff saw the orthopedist five times during the seven months following the accident and was still complaining of pain at the time of trial about a year later. Her eventual diagnosis was persistent fibromyositis of the neck and tendonitis of the knee. Her medical expenses totaled $752. Even assuming no permanent residual effects, we find the award of $3,750 is well within the trial court’s discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The judgment is amended to increase the property damage award from $2,335 to $3,405, and as amended, and in all other respects, is affirmed at appellee’s cost.
AMENDED AND AFFIRMED at appel-lee’s cost.