(673 P.2d 1200)
No. 55,654

MYRON HOCHMAN and MARTIN HOCHMAN, *Appellants,* v. AMERICAN FAMILY INSURANCE COMPANY, *Appellee.*

Opinion filed January 5, 1984.

*John W. Mize,* of Clark, Mize & Linville, Chartered, of Salina, for the appellants.

*Jeffrey E. King* and *Robert M. Adrian,* of King, Adrian & King, Chartered, of Salina, for the appellee.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, Assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, Assigned.

BULLOCK, J.: Myron Hochman insured a $30,000 combine owned both by Myron and his father Martin with the American Family Insurance Company under a replacement cost policy. On July 9, 1981, the combine caught fire. The fire was extinguished before the combine was a total loss. The cost of repairing the combine at the repair shop Myron chose was $19,582. American now concedes it wrongly treated the policy as a "value" policy rather than a replacement cost policy. In fact, American offered Hochmans $14,243.20, American's idea of the "depreciated" value of needed parts and labor. American also gave Myron a full and final release form it said he would have to sign before American would pay *anything.* Myron refused to accept the proffered sum and refused to sign the release form.

Instead, Myron borrowed the money to pay the repair bill from a local bank at 16% interest, an interest figure smaller than that charged by the combine repair shop on unpaid bills. Myron and

Martin then sued American for the repair bill, bank interest (as consequential damages) and attorney fees.

At the conclusion of the trial, the jury found the defendant had breached its contract with plaintiffs. It found plaintiffs had suffered $17,277 in actual damages and $3,386 (bank interest then owing) in consequential damages. Thereafter, the district court granted American's post-trial motion to reduce the verdict by deleting the amount of consequential damages. The court also awarded the Hochmans only $6,500 of the $10,163.27 in attorney fees they had requested. Hochmans appeal from both rulings.

1. Hochmans first contend the trial court erred in striking the consequential damage portion of the jury award. The memorandum of the district court relating to that issue stated, simply, that "interest" could not be recovered as compensatory damages because the breach of the contract did not include a failure to pay a definite sum. The trial court also held that Hochmans could not use a consequential damage theory to evade the legal interest rate fixed by K.S.A. 16-201.

The first question to be answered, then, is whether, as a matter of law, the amount in controversy is prejudgment interest, as the trial court held, or consequential damages as the Hochmans contend. In *Shapiro v. Kansas Public Employees Retirement System*, 216 Kan. 353, 357, 532 P.2d 1081 (1975), interest was defined as the "compensation allowed by law or fixed by the parties for the use, detention, or forbearance of money." See also *Lightcap v. Mobil Oil Corporation*, 221 Kan. 448, 468, 562 P.2d 1, *cert. denied* 434 U.S. 876 (1977). Prior Kansas cases dealing with the questions of liquidated and unliquidated damages and the recoverability of interest, have all involved claims for interest allegedly due as compensation for the detention of money. In other words, the interest sought was additional money which the injured party hypothetically could have earned through investment if the breaching party had timely paid the amount due under the contract. See *Shapiro v. Kansas Public Employees Retirement System*, 216 Kan. at 353 (interest on death benefits wrongfully detained); *Lightcap v. Mobil Oil Corporation*, 221 Kan. at 448 (interest on excess royalties which were not paid by defendant). See also *Sanders v. Park Towne Ltd.*, 2 Kan. App. 2d 313, 320, 578 P.2d 1131 (1978) (prejudgment interest on actual damages in a tort action).

Here, the Hochmans do not seek money they could have made from investing the insurance proceeds if American had properly and timely performed; the sum Hochmans seek here was *actually expended* by them as a result of American's breach. In *Westland Const. Co. v. Chris Berg, Inc.*, 35 Wash. 2d 824, 215 P.2d 683 (1950), an owner was allowed as damages the interest he had to pay on money borrowed to finance a construction project. The interest had accrued during a delay in construction caused by the breach of contract. Washington has a prejudgment interest rule similar to that of Kansas: before prejudgment interest will be allowed, the amount claimed must be liquidated or determinable under the contract, without relying on opinion or discretion. Annot., 60 A.L.R.3d 487, 510 § 5[c]. This rule was neither discussed in *Westland*, nor offered as a bar to recovery.

Neither party to this action has addressed the applicability of *Schatz Distributing Co. v. Olivetti Corp. of America*, 7 Kan. App. 2d 676, 647 P.2d 820 (1982) to the issue before us. It would appear this case is the only Kansas authority addressing whether interest can be allowed as compensatory damages in breach of contract actions. *Schatz* involved the breach of a U.C.C. warranty in the sale of a computer. When the breach was discovered, plaintiff was paying for the computer through a financing scheme arranged by defendant with a third party. *Inter alia*, plaintiff requested as consequential damages the amount it had paid in interest. After examining other breach of warranty cases, we found interest recoverable as consequential damages. *Schatz Distributing Co. v. Olivetti Corp. of America*, 7 Kan. App. 2d at 683. The decision was based on the U.C.C. definition of consequential damages, which includes "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know . . . ." K.S.A. 84-2-715. Although the U.C.C. does not apply to the case at bar, the common law rule of consequential damages is not very different from that of the U.C.C. The common law rule may be stated thus: Damages recoverable for breach of contract are limited to those which may fairly be considered as arising, in the usual course of things, from the breach itself, or as may reasonably be assumed to have been within the contemplation of both parties as the probable result of the breach. *Schatz Distributing Co. v. Olivetti Corp. of America*, 7 Kan. App. 2d at 681, citing

*Kansas State Bank v. Overseas Motosport, Inc.,* 222 Kan. 26, Syl. ¶ 1, 563 P.2d 414 (1977). The common law rule then, as the official U.C.C. Comment to K.S.A. 84-2-715 observes, is actually more "liberal" in its scope of recovery than its counterpart in the U.C.C.

In applying the common law consequential damage rule to the case before us, we are required to ask this question: Can the interest due on the loan taken to pay for the combine repairs "fairly be considered as arising, in the usual course of things, from the breach" of the insurance contract itself? American breached the contract by refusing to pay anything unless Hochmans accepted $14,243. Hochmans were farmers, who needed the combine for their operations. Because American would not pay, Myron borrowed the money for the repairs from the bank, thereby incurring an interest charge of $3,386 by the date of trial. In our view, this debt arose directly from the breach and the interest charged by the bank was consequential damages.

Finally, we must consider the amount of consequential damages recoverable by Hochmans. Myron borrowed $19,600 to pay for the repairs. The $3,386 portion of the verdict was based on that amount. The jury found, however, that the amount actually owed to the bank was $17,277.14. The award of consequential damages should be reduced proportionately. If special findings are not supported by substantial competent evidence, the amount of the judgment should be corrected on appeal. See *Mahoney, Inc. v. Galokee Corporation,* 214 Kan. 754, 759, 522 P.2d 428 (1974). Accordingly, the trial court is directed to reinstate the jury award for consequential damages, as modified by this opinion.

2. Hochmans' final point on appeal deals with attorney fees. At trial, Hochmans requested $10,163.27 in attorney fees under K.S.A. 40-908 and 40-256. These statutes allow "reasonable" fees to parties who have prevailed against an insurance company in certain cases. The district court found plaintiffs were entitled to attorney fees under either statute, but granted Hochmans only $6,500 of their fee request. In discussing the purpose of attorney fee statutes, the Kansas Supreme Court has stated the purpose of the award of fees is not to punish the insurance company but "to permit the allowance of a fair and reasonable compensation to the assured's attorney . . . ." *Lattner v. Federal Union Ins.*

*Co.,* 160 Kan. 472, 481, 163 P.2d 389 (1945). The amount of attorney fees to be awarded is a matter largely within the trial court's discretion. *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P.2d 681 (1968). An abuse of discretion arises only if no reasonable person would have taken the same position as the district court. See *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973).

In the case before us, the trial court, in assessing fees, stated:

"The remaining issue is what are reasonable attorney fees under the totality of circumstances. In determining an appropriate allowance the court considered the following factors: (1) the complexity of the factual and legal issues; (2) the time reasonably necessary to investigate, research and prepare for trial; (3) the actual time in court; (4) the degree of professional skill required and exercised; (5) the amount in controversy; and (6) the results obtained."

We concur that these are the relevant considerations. Applying them to the record before us, we find no abuse of discretion.

Hochmans have also moved this court, pursuant to K.S.A. 40-908 and 40-256, for attorney fees on appeal. After consideration of all relevant factors and the affidavits of the parties, we conclude Hochmans should recover an additional sum of $2,000 as and for their reasonable attorney fees on appeal, to be taxed as costs.

Accordingly, the judgment is vacated and the case remanded to the trial court with instructions to enter a new judgment for Hochmans including consequential damages, as modified in accord with this opinion.