752 P.2d 617

**SPREADER SPECIALISTS, INC. and Spreader, Inc., Plaintiffs–Appellants,**

v.

**MONROC, INC., a foreign corporation, Defendant–Respondent.**

No. 16565.

Court of Appeals of Idaho.

Dec. 3, 1987.

Addendum on Denial of Rehearing March 31, 1988.

John R. Goodell, Racine, Olson, Nye, Cooper & Budge, Chartered, Pocatello, for plaintiffs-appellants.

Richard T. St. Clair, St. Clair, Hiller, Wood, McGrath, St. Clair & Baker, Idaho Falls, for defendant-respondent.

BURNETT, Judge.

This is a tort case involving damages to a commercial motor vehicle. The damage was inflicted when a cement mixer owned by Monroc, Inc., entered a highway construction area at excessive speed and struck an oil-spreading truck owned by Spreader Specialists, Inc. Monroc ultimately admitted liability. The issue of compensation was tried to a jury. Not satisfied with the judgment entered on the verdict, Spreader has appealed. We are presented with three questions: (1) whether the trial judge identified the proper standard for determining the measure of damages to a repairable commercial vehicle; (2) whether the judge erred in refusing to instruct the jury that interest charges on a loan to finance repairs were recoverable; and (3) whether the judge properly allocated costs and attorney fees. In addition we address a question raised by Monroc concerning the timeliness of this appeal. For reasons explained below, we vacate the judgment and remand the case.

The facts are largely undisputed. The Spreader vehicle was struck while performing road repair work near Island Park, Idaho, in 1984. Following the accident, the truck was towed to Spreader's shop in Utah, where it was eventually repaired. To finance the repairs, Spreader obtained a commercial loan. Spreader then sued Monroc, claiming three items of damage: the cost of repairs, the loss of use of the vehicle during the remainder of the 1984 construction season, and towing expenses. Spreader subsequently sought to amend its complaint by adding a claim for interest charges on the loan. The court denied the motion to amend, reasoning that interest of this type was akin to prejudgment interest and, therefore, would not be recoverable in a tort case. Before trial, Spreader moved for summary judgment on the issue of liability. The motion was denied; however, shortly thereafter, Monroc admitted liability and made a settlement offer of $45,000 under I.R.C.P. 68. Spreader rejected the offer and the case proceeded to trial on the issue of damages.

The following evidence was uncontradicted. The oil-spreading truck had been specially manufactured according to certain specifications. The collision disabled the truck for the remainder of the 1984 highway construction season. Spreader undertook to restore its fleet to full operating capacity prior to the 1985 season. Having attempted unsuccessfully to locate a used replacement vehicle, and being uncertain whether a new vehicle would be available before the 1985 season began, Spreader elected to repair the damaged vehicle. The repair bill totalled $40,114.00. Spreader borrowed money to accomplish this task. The parties stipulated that interest charges on the loan amounted to $4,451.93 at the time of trial. Spreader also presented expert testimony that, even when repaired, the vehicle's market value had been dimin-

ished by the accident. Both sides also presented testimony regarding the market value of the vehicle before and after the accident, had it not been repaired.

At the close of the evidence, Spreader requested instructions authorizing the jury to award the actual cost of repairs plus the diminution in value of the repaired truck as well as lost profits and towing costs. The trial judge did not adopt Spreader's instructions. Rather, he instructed the jury to award the lesser of (a) the cost of repairs plus any diminution in the value of the truck as repaired, or (b) the difference in value of the truck before and after the accident without repairs. In either event, the jury was instructed to award damages for loss of use of the truck during a period reasonably necessary to repair or replace it.

In response to interrogatories on a special verdict form, the jury determined that the pre-accident value of the vehicle was $73,000.00 and that its unrepaired, post-accident value was $38,500.00—a difference of $34,500.00. The jury accepted Spreader's proof that the repairs cost $40,414.00. The jury further found that the value of the vehicle had been diminished, despite the repairs, by $3,586.00. Thus, the combined cost of repairs and diminution of value amounted to $44,000.00. Finally, the jury accepted Spreader's claim of $8,000.00 for loss of use during the remainder of the 1984 season and the claim of $1,458.80 in towing costs. Based on these findings, the judge awarded Spreader the difference between the value of the vehicle before the accident and its value immediately thereafter ($34,500.00), plus the lost profits ($8,000.00) and towing expenses ($1,458.80). The court also awarded Spreader $850.95 in other expenses. Judgment was entered for $44,809.75.[1]

Both parties challenged the judgment with post-trial motions. In an order disposing of these motions, the trial judge denied every challenge to the judgment and denied Spreader's motion for attorney fees. Final-

ly, because the recovery of $44,809.75 was less than Monroc's pretrial settlement offer of $45,000, the judge concluded that Spreader was not the prevailing party. He granted costs of $2,179.99 to Monroc, treating this award as an offset against Spreader's recovery. He then entered an "amended judgment" for $42,629.76. From this judgment Spreader has appealed.

I

At the outset, we consider a jurisdictional argument interposed by Monroc. Monroc asserts that Spreader's notice of appeal was not timely filed and must be dismissed pursuant to I.A.R. 21. Monroc initially made this argument by way of a motion to dismiss, filed in the Supreme Court. The motion was denied without explanation. After the case was assigned to us, Monroc urged reconsideration of that ruling.

Subject to the limitations of Rule 11(a)(2), I.R.C.P., a party may seek reconsideration of an adverse ruling on a motion. Solely for the sake of discussion today, we will assume that this right also exists during an appeal and that it is unaffected by an intervening assignment of the case from the Supreme Court to the Court of Appeals. As we shall see, however, our analysis of Monroc's motion to dismiss leads us to the same conclusion reached by the Supreme Court.

It is undisputed that Spreader filed this appeal more than 42 days after the original judgment; indeed, the appeal was filed more than 42 days after the court ruled on the post-trial motions. However, the appeal was filed within 42 days of the entry of the "amended judgment." This judgment differed from the original judgment only in that it reflected an offset for costs awarded to Monroc. Because the time for filing an appeal is not extended by the taxing of costs, Monroc argues that the 42-day time period began to run from the trial court's ruling on the post-trial motions

---

1. By calculating the judgment himself, the judge arguably rendered superfluous the jury instructions regarding the proper measure of damages. The judge apparently used the jury solely to find the figures used in calculating the judgment. However, the instructions reflect the legal principles the judge chose to apply in fashioning the damage award.

rather than from the entry of the "amended judgment."

■ There is some authority to support Monroc's position. We have held that where a court enters a judgment containing blank spaces for the awards of costs and attorney fees, the time for appeal begins to run at that point and is not extended by the subsequent entry of another judgment in which the blanks have been completed. *State ex rel. Moore v. Lawson,* 105 Idaho 164, 667 P.2d 267 (Ct.App.1983). Moreover, it is well established that a trial court cannot restart the time for appeal by the mere expedient of entering a second judgment identical to the first. Annot., *Power of Trial Court Indirectly to Extend Time for Appeal,* 89 A.L.R. 941 (1934), supplemented 149 A.L.R. 740 (1944).

■ However, this is not a case in which blank spaces were merely completed, nor is it a case where a trial court attempted to extend the time for appeal after the original time had expired. Rather, the "amended judgment" in this case altered the figure previously adjudged as Spreader's recovery. The "amended judgment" also contained the following order:

> [T]he clerk shall forthwith enter this Judgment pursuant to rule 58, I.R.C.P., which shall constitute the Final Judgment of the Court upon which interest may accrue, execution may issue, and appeals may be taken pursuant to applicable law.

It is evident from this language that the trial court had treated the original judgment as an interim document, reserving all characteristics of finality, such as accrual of interest and availability of execution, to the "amended judgment." The trial court's procedure was irregular and not to be en-couraged. However, we think it would be palpably unjust to dismiss as untimely an appeal taken within 42 days of the instrument described by the trial court as its final judgment in the case. Accordingly, we adhere to the Supreme Court's denial of Monroc's motion to dismiss. We now turn to the merits of the appeal.

II

■ We begin with the proper measure of recovery for the damage to Spreader's vehicle. Spreader contends that the trial court erred in failing to award the actual cost of repairs plus the diminution in value to the vehicle as repaired.[2] As discussed above, the trial judge instructed the jury to calculate this figure and a figure corresponding to the difference between the market value of the truck before the accident and immediately thereafter. The judge then awarded the lesser sum. In this case, as we have seen, the cost of repairs substantially exceeded the diminution in market value without repairs.

The general rule of damages to personal property in collision cases has been stated succinctly by Professor McCormick in his leading treatise on the law of damages:

> When personal property is wrongfully injured—
>
> (a) The normal standard of recovery is the difference between the value just before, and just after, the injury.
>
> (b) But if the damaged property is reasonably susceptible of repair, the owner *may* recover the reasonable cost of repair, plus the difference between the value of the property before the injury and after the repair, unless the value is enhanced, in which event the increase in

---

2. Complete recovery for injury to or destruction of commercial equipment also includes damages for loss of use (sometimes calculated on the basis of lost profits) as well as compensation for incidental expenses such as towing or storage. In its brief, Monroc challenges the sufficiency of the evidence to support the trial court's award for "lost profits." However, Monroc has neither appealed nor cross-appealed from the judgment. Rather, Monroc simply has argued that an allegedly excessive award of "lost profits" should balance any deficiency, ascer-tained on appeal, in the award of damages in other categories. We believe Monroc has failed to frame the "lost profits" issue properly. Although a respondent may urge affirmance of a judgment upon an alternative *legal theory,* it cannot attack the judgment, or part of it, without appealing. Neither can it urge affirmance upon an alternative view of the *facts* where the evidence is disputed. Here, the court and jury made their determination of "lost profits" upon conflicting evidence. Accordingly, we will not address the "lost profits" issue further.

value would be deducted from the cost of repair.

C.T. McCORMICK, DAMAGES § 124, at 470 (1935) (emphasis added). The option of recovering the cost of repair requires proof that such recovery would be reasonable. *Id.* at 471.

■ This two-part formula has been given varying interpretations by courts in different states. Often, the relative weight ascribed to each part of the formula depends on the peculiar circumstances presented. Thus, many courts have held that if the vehicle has been or will be repaired, the plaintiff may recover the actual or reasonable cost of repairs, plus any depreciation upon comparing the value before the injury with the value after repairs.[3] In some jurisdictions, the first part of the formula is treated as a limitation on the second. In those states, recovery for repairs is permitted unless the cost exceeds the market value of the vehicle prior to the accident or unless it exceeds the difference between the market value before and immediately after the accident.[4] Finally, in a few decisions recovery has been based upon the simple formula of depreciation, i.e., the difference between the value of the vehicle before and immediately after the injury.[5]

Here, the trial judge interpreted Idaho law concerning damages to personal property, as set forth in IDJI 912, to allow recovery for repair costs only if they did not exceed the difference in the value of the truck before and immediately after the collision. This instruction was culled from the decision of our Supreme Court in *Skaggs Drug Centers, Inc. v. City of Idaho Falls*, 90 Idaho 1, 407 P.2d 695 (1965). *Accord C.C. Anderson Stores Co. v. Boise Water Corporation*, 84 Idaho 355, 372 P.2d 752 (1962). The decisions in *Skaggs* and *C.C. Anderson* appear to conflict with, but do not explicitly overrule, earlier Idaho decisions allowing recovery for the cost of repairs whenever repair or restoration is feasible. *See, e.g., McGuire v. Post Falls Lumber and Manufacturing Company*, 23 Idaho 608, 131 P. 654 (1913); *Boise Valley Const. Co. v. Kroeger*, 17 Idaho 384, 105 P. 1070 (1909).

The seeming inconsistency may be explained by the fact that the property in question in *Skaggs* and *C.C. Anderson* was so badly damaged that reasonable repairs were not possible. Thus, the reasoning in

3. *Rowell v. Treadwell Ford, Inc.*, 511 F.2d 164 (5th Cir.1975) (applying Alabama law); *Champion Home Builders v. Shumate*, 388 F.2d 806 (10th Cir.1967) (applying Kansas law); *Hunt v. Ward*, 262 Ala. 379, 79 So.2d 20 (1955); *Farmers Insurance Company of Arizona v. R.B.L. Investment Company*, 138 Ariz. 562, 675 P.2d 1381 (Ct.App.1983); *Ek v. Bowen*, 2 Conn.Cir. 105, 195 A.2d 574 (1963); *Storey v. Castner*, 314 A.2d 187 (Del.1973); *Alonso v. Fernandez*, 379 So.2d 685 (Fla.Dist.Ct.App.1980); *People v. Tidwell*, 33 Ill.App.3d 232, 338 N.E.2d 113 (1975); *Hann v. State*, 447 N.E.2d 1144 (Ind.Ct.App.1983); *Aetna Casualty & Surety Co. v. Insurance Department of Iowa*, 299 N.W.2d 484 (Iowa 1980); *Nolan v. Auto Transporters*, 226 Kan. 176, 597 P.2d 614 (1979); *McDonald v. American Fire & Indemnity Ins. Co.*, 378 So.2d 1013 (La.Ct.App.1979); *D'Ambrogi v. Unsatisfied Claim and Judgment Board*, 269 Md. 198, 305 A.2d 136 (1973); *Antokol v. Barber*, 248 Mass. 393, 143 N.E. 350 (1924); *Kopischke v. Chicago St. P., M. & O. Ry. Co.*, 230 Minn. 23, 40 N.W.2d 834 (1950); *National Dairy Products Corporation v. H.G. Jumper*, 241 Miss. 339, 130 So.2d 922 (1961); *Winter v. Elder*, 492 S.W.2d 146 (Mo.Ct.App.1973); *Hatch v. Heim*, 200 Neb. 735, 265 N.W.2d 444 (1978); *Fanfarillo v. East End Motor Company*, 172 N.J.Super. 309, 411 A.2d 1167 (App.Div.1980); *DTS Tank Service, Inc. v. Vanderveen*, 683 P.2d 1345 (Okla. 1984); *Thormahlen v. Foos*, 83 S.D. 558, 163 N.W.2d 350 (1968); *Montgomery Ward and Company v. Marvin Riggs Company*, 584 S.W.2d 863 (Tex.Civ.App.1979); *Averett v. Shircliff*, 218 Va. 202, 237 S.E.2d 92 (1977); *King Logging Company, Inc. v. Scalzo*, 16 Wash.App. 918, 561 P.2d 206 (1977); *Krueger v. Steffen*, 30 Wis.2d 445, 141 N.W.2d 200 (1966); *Wilcox v. Herbst*, 75 Wyo. 289, 295 P.2d 755 (1956).

4. *See, e.g., Kohn v. Arp*, 236 Iowa 31, 17 N.W.2d 824 (1945) (cost of repairs may not exceed value of vehicle before accident). *See also Gamble v. Smith*, 386 A.2d 692 (D.C.Ct.App.1978) (applying cost of repairs unless the sum exceeds diminution in value immediately before and after the injury). *Accord Perma Ad Ideas of America, Inc. v. Mayville*, 158 Ga.App. 707, 282 S.E.2d 128 (1981); *Schnitzer v. Chapman*, 236 N.Y.S.2d 103 (N.Y.Cty.Ct.1962).

5. *See, e.g., Kansas City Southern Industries, Inc. v. Stewman*, 266 Ark. 544, 587 S.W.2d 12 (1979); *Pope's Adm'r v. Terrill*, 308 Ky. 263, 214 S.W.2d 276 (1948); *Roberts v. Pilot Freight Carriers, Inc.*, 273 N.C. 600, 160 S.E.2d 712 (1968); *Harris v. Keller*, 170 N.E.2d 305 (Ohio Mun.Ct.1960).

those decisions was not intended to govern situations, like the one presented here, in which repair is feasible and will restore the property more quickly than obtaining a replacement. We find the analysis in *McGuire* to be more persuasive where the damaged property is income-producing and a commercially reasonable decision is made to proceed with repairs in order to avoid future losses. This approach is consonant with the basic principle of fairly and fully compensating the injured party for the wrong committed. *See generally White v. Unigard Mutual Insurance Co.*, 112 Idaho 94, 730 P.2d 1014 (1986).

Therefore, we hold that where a plaintiff reasonably undertakes to repair a damaged commercial vehicle, and he does so with the genuine aim of mitigating business losses, he may recover the actual cost of repairs plus the diminution in value of the vehicle as repaired. Such recovery is not defeated by the bare fact that this sum exceeds the difference between the market value of the vehicle before and immediately after the injury. *Accord Cook v. Southern Farm Bureau Casualty Insurance Company*, 124 So.2d 183 (La.Ct.App.1960). However, in determining the reasonableness of the plaintiff's course of action, the court may consider whether damages actually have been mitigated in light of all the expenses incurred. Our holding does not overrule IDJI 912; rather it simply recognizes that this instruction is inadequate, by itself, to address the special problem posed by repairs undertaken to mitigate damages caused by injury to income-producing property.

■ In this case, the evidence indicated that many repair or purchase options were available to Spreader. The jury was not asked—and the district judge did not independently determine—whether the course of action selected by Spreader was commercially reasonable under the existing circumstances. This is a question for the trier of fact. Because the answer is not obvious from the record on appeal, the case must be remanded. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982).

### III

Spreader next contends that the trial judge improperly prevented the jury from awarding interest on the loan obtained for repairs. The court declined to list this interest expense as an item of recoverable damages on the special verdict form. Monroc asserts that the judge acted properly because interest paid on a loan used to repair personal property would be equivalent to prejudgment interest on an unliquidated claim.[6]

Idaho's appellate courts have never considered this precise question. Few courts have. However, the courts that have broached this topic seem to agree that amounts actually paid as interest on a loan obtained to remedy harm caused by wrongful conduct—such as breach of contract or tortious acts—are not prejudgment interest. They are elements of consequential damages. *See Rodrigues v. State*, 52 Haw. 156, 472 P.2d 509 (1970); *Hudson v. Dave McIntire Chevrolet, Inc.*, 180 Ind. App. 646, 390 N.E.2d 179 (1979); *Hochman v. American Family Insurance Company*, 9 Kan.App.2d 151, 673 P.2d 1200 (1984).

■ Most cases dealing with questions of liquidated or unliquidated damages, and with the recoverability of interest, involve claims for interest allegedly due as compensation for the detention of money during the time between injury and compensation. In other words, the interest sought is money which the injured party hypothetically could have earned through investment if the injury-causing party had timely paid compensation for the harm. But here, Spreader does not seek money it could have earned on investment if Monroc had timely

---

6. Monroc also argues that the jury "collapsed" the interest expense into its finding for net profit loss. We find this argument untenable. The jury was never instructed to consider interest as a recoverable item of damages. However, Spreader—in its pleadings and proof—presented the interest charges as a separate recoverable amount. Thus, assuming that the jury's finding concerning lost profits is supported by substantial evidence, it appears that the court's instructions precluded the jury from awarding any additional sums as compensation for interest.

paid compensation. Rather, Spreader seeks to recover a sum *actually expended* by it as a result of Monroc's tortious conduct. The interest on the loan for repairs was an expense occasioned by Spreader's effort to mitigate its losses. Accordingly, we hold that interest charges incurred on a loan obtained in good faith, as part of a reasonable course of action to mitigate losses, may be recovered as an item of consequential damages.[7] *See generally Farmers Insurance Company of Arizona v. R.B.L. Investment Company,* 138 Ariz. 562, 675 P.2d 1381 (Ct.App.1983); *Vining v. Smith,* 213 Miss. 850, 58 So.2d 34 (1952). In the present case, the parties stipulated to the amount of interest actually paid on the loan. Consequently, this figure should be added to the eventual judgment on remand, if Spreader's election to repair the vehicle is found to have been reasonable and if it was reasonably necessary to borrow money for that purpose.

## IV

Finally, Spreader asserts that the trial court erred in awarding costs to Monroc pursuant to I.R.C.P. 68. Spreader also contends that the court further erred in failing to award partial attorney fees to Spreader under I.C. § 12–121, for counsel's preparation on the liability issue before Monroc stipulated to liability on the eve of trial. We discuss the latter argument first.

▪ Rule 54(e)(1), I.R.C.P., provides that the court may award attorney fees pursuant to I.C. § 12–121 only where the court finds "that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Here, the district court denied Spreader's motion for partial summary judgment on the issue of liability. The court concluded that material issues of fact still existed which precluded summary judgment. After trial, the court, in denying Spreader's motion for attorney fees, ruled that the defense of liability was not frivolous, unreasonable or without foundation even though Monroc abandoned it.

A decision to award attorney fees under I.C. § 12–121 rests in the sound discretion of the trial court. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982). The mere fact that Monroc's able counsel made a tactical decision to admit liability prior to trial, without more, does not indicate that Monroc previously had defended the issue unreasonably. To accept Spreader's argument would be tantamount to establishing an automatic entitlement to partial awards of attorney fees whenever a party decided to stipulate on a material issue just before trial. Such a rigid rule would discourage rather than encourage the swift settlement of disputes. We decline to adopt it.

Spreader's attack upon the trial court's award of costs to Monroc demands a different response. As noted, the court awarded costs to Monroc under I.R.C.P. 68 because Spreader's total recovery was less than Monroc's pretrial settlement offer. However, we are remanding the case for possible modification of the judgment. If modified, the judgment likely would exceed Monroc's offer, rendering Rule 68 inapplicable. Absent a modification of the judgment, we would find no error in the district court's application of the rule.

Accordingly, the judgment of the district court is vacated. The case is remanded for further proceedings consistent with this opinion. When judgment is reentered, any portion of it which coincides with the prior judgment shall bear interest from the prior date. *Dursteler v. Dursteler,* 112 Idaho 594, 733 P.2d 815 (Ct.App.1987). Costs to appellant, Spreader Specialists, Inc. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

7. By holding that a plaintiff may recover the interest paid on a loan obtained to mitigate damages, we do not intimate that a plaintiff necessarily *must* follow a course of mitigation which involves borrowing. The long-standing rule in Idaho is that a plaintiff must undertake reasonable endeavor and expense to mitigate damages occasioned by a tort or breach of contract. *Collins v. Twin Falls North Side Land and*

*Water Co.,* 28 Idaho 1, 152 P. 200 (1915); *see also Casey v. Nampa and Meridian Irrigation District,* 85 Idaho 299, 379 P.2d 409 (1963). Our decision today simply means that if a plaintiff *does* follow a reasonable course of action which involves borrowing, the interest cost is includible among the expenses incurred to mitigate damages.

## ADDENDUM

### Upon Denial of Petition for Rehearing

Our lead opinion remands this case for a determination as to whether Spreader acted in a commercially reasonable manner by repairing the damaged vehicle instead of replacing it. In a petition for rehearing, Spreader now asserts that a remand is unnecessary because the issue of commercial reasonableness was laid to rest by the following interrogatory in the jury's special verdict: "*Question No. 4.* What was the reasonable cost of necessary repairs to the plaintiff's damaged property? *Answer.* $40,414.00." Spreader urges that the jury could not have answered this question without concluding that it was commercially reasonable to repair the vehicle. Although Spreader's argument has a semantic appeal, it misperceives the issue.

A determination of commercial reasonableness does not turn narrowly upon what repairs were "necessary" or upon whether such "necessary" repair were made at a "reasonable cost." Rather, the issue turns more broadly upon the choice between the replacement option (which ultimately leads to recovering the difference in the vehicle's value before and immediately after the accident, plus damages for loss of use) and the repair option (which ultimately leads to recovering the reasonable cost of necessary repairs, including interest if borrowing is reasonably necessary, plus the diminution of value after repairs and damages for loss of use). Where income-producing property is injured, a decision to repair it rather than to replace it may be commercially reasonable —even if the repair is relatively costly—if it appears that the repair will be achieved with greater assurance and promptness than the replacement, thereby avoiding or minimizing potential damages for loss of use. In such a case, as we said in our lead opinion, the plaintiff may recover under the repair option if he has undertaken the repairs "with the genuine aim of mitigating business losses." 114 Idaho at 21, 752 P.2d at 623.

In our view, the jury's interrogatory verdict did not fully address the issue of commercial reasonableness as we have framed it. Neither did the district judge independently resolve the issue. Accordingly, we adhere to our decision remanding the case.

WALTERS, C.J., and SWANSTROM, J., concur.